BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  (619) 239-4599
Facsimile:  (619) 234-4599

M. ANDERSON BERRY (262879)
aberry@justice4you.com
LESLIE GUILLON (222400)
lguillon@justice4you.com
**CLAYEO C. ARNOLD,**
 **A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL GASTON and RENATE GARRISON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FABFITFUN, INC.,<br><br>    Defendant. | Case No. 2:20-cv-09534-RGK-E<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

SETTLEMENT AGREEMENT AND RELEASE

242361674 v10

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement"), dated as of February 16, 2021, is made and entered into by and among Plaintiffs Cheryl Gaston and Renate Garrison, individually and on behalf of the Settlement Class, and Defendant FabFitFun, Inc., by and through their respective counsel.

## RECITALS

WHEREAS, on October 16, 2020, Ms. Gaston filed a class action complaint in the United States District Court for the Central District of California (the "Court") entitled *Gaston v. FabFitFun, Inc.*, Case No. 2:20-cv-09534;

WHEREAS, on January 29, 2021, Plaintiffs filed the First Amended Class Action Complaint ("FAC"), adding Plaintiff Renate Garrison;

WHEREAS, the FAC asserts claims against Defendant for: (1) negligence; (2) declaratory judgment; and violations of (3) the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*, (4) the Colorado Security Breach Notification Act, Colo. Rev. Stat. § 6-1-716, *et seq.*, and (5) the Oregon Unlawful Trade Practices Act, Or. Rev. Stat. § 646.605, *et seq.*, arising from the "Security Incident," as such term is defined in ¶ 1.32 hereof;

WHEREAS, Defendant has denied and continues to deny (a) each and every allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or which could have been asserted in this Litigation, (b) that the Representative Plaintiffs in the Action and the class they purport to represent have suffered any damage, and (c) that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23. Without acknowledging any fault or liability on the part of the Defendant, the Settling Parties have agreed to enter into this Agreement as an appropriate compromise of Representative Plaintiffs and Class Members' claims to put to rest all controversy and to avoid the uncertainty, risk, and/or expense of burdensome, protracted, and costly litigation that would be involved in prosecuting and defending this Action. This agreement is for settlement purposes only, and nothing in this agreement shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by Representative Plaintiffs in this action or in any other pending or subsequently filed action, or of any

wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or admission by any of the parties of the validity or lack thereof of any claim, allegation, or defense asserted in this Litigation or in any other action;

WHEREAS, the Settling Parties exchanged informal discovery regarding the Security Incident, the Representative Plaintiffs' claims and Defendant's defenses; and participated in good faith, arms-length settlement discussions during a day-long mediation with Martin Quinn, Esq. of JAMS via videoconference on January 12, 2021, through which the basic terms of a settlement were negotiated and finalized;

WHEREAS, Class Counsel conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the claims to be resolved in this settlement and how best to serve the interests of the putative class in the Litigation.  Based on this investigation and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this Litigation, and the benefits to be received by the Settlement Class pursuant to this Agreement, that a settlement with Defendant on the terms set forth in this Agreement is fair, reasonable, adequate and in the best interests of the putative class;

WHEREAS, Defendant has agreed in this Settlement Agreement that it does and/or will take certain steps to help secure access to the ecommerce platform through which it transacts with customers, as described in ¶ 2.5;

WHEREAS, this Settlement Agreement is intended to fully, finally and forever resolve all claims and causes of action asserted, or that could have been asserted based upon the facts alleged in the FAC, against Defendant and the Released Persons, by and on behalf of the Representative Plaintiffs and Settlement Class Members, and any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States, relating to the Security Incident.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between the Representative Plaintiffs, Class Counsel, and Defendant, that, subject to the approval of the Court as provided for in this Agreement, the Litigation and Released Claims (including Unknown Claims) shall be fully and

finally settled, compromised and released, and the Litigation shall be dismissed with prejudice, on the following terms and conditions:

## I.    DEFINITIONS

As used in this Agreement, the following terms have the meanings specified below:

1.1    "Agreement" or "Settlement Agreement" means this agreement.

1.2    "Approved Claims" means valid Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the Dispute Resolution Process, as set forth in this Agreement.

1.3    "Attorneys' Fees and Expenses Award" means the amount awarded by the Court to be paid to Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request (and any request made by any other attorneys) for payment of attorneys' fees, costs, and litigation expenses in connection with this Litigation.

1.4    "Award" means the amount remitted by the Claims Administrator out of the Settlement Fund to Settlement Class Members who submit Approved Claims, as provided in Sections II and VII of this Agreement.

1.5    "Claim Form" means the claim form attached hereto as Exhibit A, or a claim form approved by the Court that is substantially similar to Exhibit A.

1.6    "Claims Administration" means the processing of Settlement Claims received from Settlement Class Members and the processing of payments of Approved Claims by the Claims Administrator.

1.7    "Claims Administrator" means Angeion Group, LLC, or such other company experienced in administering class action claims generally and specifically those of the type provided for in this Action, as may be jointly agreed upon by the Settling Parties and approved by the Court.

1.8    "Claims Deadline" means the deadline by which Settlement Class Members must submit any valid Settlement Claims.  The Claims Deadline shall be set by the Court in the Preliminary Approval Order.  The Settling Parties propose a Claims Deadline that is the 120th day after the entry of the Preliminary Approval Order.

1.9    "Claims Period" means the time for Settlement Class Members to submit Settlement Claims, running from the date of entry of the Preliminary Approval Order through the Claims Deadline.

1.10    "Claims Referee" means Martin Quinn, Esq. of JAMS, or such other third party designated by agreement of the Settling Parties and approved by the Court to make final decisions about any Disputed Claims for settlement benefits.

1.11    "Class Counsel" means Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp.

1.12    "Class Notice" means the notice of this settlement that is contemplated by this Agreement, and which shall include the Long Notice, Summary Notice and Postcard Notice, substantially in the forms attached hereto as Exhibits B, E and F.

1.13    "Class Period" means the period commencing April 26, 2020 to May 14, 2020 and May 22, 2020 to August 3, 2020.

1.14    "Defendant" means FabFitFun, Inc.

1.15    "Dispute Resolution Process" means the process for resolving disputed Settlement Claims as set forth in ¶ 7.2 of this Agreement.

1.16    "Effective Date" means the date on which the Final Approval Order in the Action becomes "Final." "Final" means: one (1) business day after all of the following conditions have been satisfied: (a) the Final Approval Order has been entered; and (b)(i) if reconsideration and/or appellate review is not sought from the Final Approval Order, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or (b)(ii) if reconsideration and/or appellate review is sought from the Final Approval Order: (A) the date on which the Final Approval Order is affirmed and is no longer subject to judicial review, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Judgment is no longer subject to judicial review.

1.17    "Final Approval Hearing" means the final hearing to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Agreement and the proposed settlement of the Litigation.

1.18    "Final Approval Order" means the Court's Final Approval Order and Judgment, substantially in the form attached hereto as Exhibit C, which, among other things, approves this Agreement and the Settlement as fair, adequate and reasonable and confirms the final certification of the Settlement Class.

1.19    "Objection Deadline" means 75 days after the date of entry of the Preliminary Approval Order.

1.20    "Opt Out" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion, and (ii) who does not rescind that Request for Exclusion before the end of the Opt Out Period, and (iii) as to which there is not a successful challenge to the Request for Exclusion.

1.21    "Opt Out Date" means the date by which Settlement Class Members must mail their Request for Exclusion in order for that request to be excluded from the Settlement Class to be effective.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Opt Out Date shall be 75 days after the date of entry of the Preliminary Approval Order.

1.22    "Opt Out Period" means the period commencing on the date of entry of the Preliminary Approval Order and ending on the Opt Out Date, during which Settlement Class Members may submit a timely Request for Exclusion.

1.23    "Out of Pocket Expenses" means only the following types of expenses incurred as a result of the Security Incident:  (a) unreimbursed payment card fees or unreimbursed bank fees, including unreimbursed card reissuance fees, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, unreimbursed over-limit fees and unreimbursed fees relating to an account being frozen or otherwise unavailable due to the Security Incident; (b) cell, internet or text charges; (c) unreimbursed costs or charges for obtaining credit reports, credit freezes, or credit monitoring or identity theft protection services (up to two years of coverage); and (d) postage costs.

1.24    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any

business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.25    "Personal Information" means information that is or could be used, whether on its own or in combination with other information, to identify, locate, or contact a person, and further includes customers' names, billing and shipping addresses, payment card numbers, CVV security codes, credit card expiration dates, and FabFitFun account login information, including email addresses and passwords.  The term "Personal Information" is not intended here, nor should be viewed as, having any bearing on the meaning of this term or similar terms in any statute or other source of law beyond this Agreement.

1.26    "Preliminary Approval Order" means the Court's order granting, among other things, conditional certification of the Settlement Class, preliminary approval of this Agreement and the Settlement, and approval of the form and method of Class Notice, substantially in the form attached hereto as Exhibit D.

1.27    "Released Claims" means all claims, including Unknown Claims,  up to the date of preliminary approval, including but not limited to, any claim, liability, right, demand, suit, matter, obligation, damage, including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs, actions or causes of action of every kind and description, whether in law, in equity, for administrative relief, or otherwise, that the Settlement Class Members had, have, or may have against Defendant and/or the Released Persons that result from, arise out of, are based upon, or relate to the Security Incident, that were or could have been alleged in the Litigation, based upon the facts alleged in the FAC including, without limitation, any claims, actions, causes of action (including under state consumer protection and privacy statutes, including without limitation those of Colorado, California, and Oregon), demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the theft, exposure or disclosure of Settlement Class Members' Personal Information; (2) the maintenance and storage of Settlement Class Members' Personal Information; (3) the Defendant's information security policies and practices; and (4) Defendant's notice of the Security Incident to Settlement Class members. "Released Claims" does not include the right of any Settlement Class Member or any of the Released

Persons to enforce the terms of the Settlement contained in this Agreement, does not release any claims that are not related to or that do not arise in connection with the Security Incident or the allegations, facts or circumstances described in the Litigation and/or FAC, and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.28 "Released Persons" means Defendant and its past or present owners, parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Defendant's and these entities' respective predecessors, successors, directors, officers, shareholders, employees, servants, representatives, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, insurers, reinsurers, subrogees, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in the Litigation, other than any third-party Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads nolo contendere to any such charge.

1.29 "Representative Plaintiffs" means Cheryl Gaston and Renate Garrison.

1.30 "Request for Exclusion" means a fully completed and properly executed written request that is timely delivered to the Claims Administrator by a Settlement Class Member under Section V of this Agreement and is postmarked on or before the end of the Opt Out Period. For a Request for Exclusion to be properly completed and executed, it must: (a) state the Settlement Class Member's full name, address and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. If a Settlement Class Member's Request for Exclusion covers a payment card that includes co-signers or co-holders on the same payment card account, the Settlement Class Member's Request for Exclusion shall be deemed to be properly completed and executed as to that payment card only if all co-signers or co-holders elect to and validly opt out in accordance with the provisions of this Paragraph. All

Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

1.32    "Security Incident" means the data security incident whereby third parties may have accessed Defendant's customers' Personal Information in connection with unauthorized access to Defendant's website from April 26, 2020 to May 14, 2020 and May 22, 2020 to August 3, 2020.

1.33    "Service Award" means such funds as may be awarded by the Court to the Representative Plaintiffs in recognition of their time, effort, and service to the Class, expended in pursuing the Action and in fulfilling their obligations and responsibilities as the Representative Plaintiffs.

1.34    "Settlement Claim" means a claim for settlement benefits made under the terms of this Agreement.

1.35    "Settlement Class" means all individuals identified by FabFitFun and to whom FabFitFun sent notice that their information may have been exposed in the Security Incident.

1.36    "Settlement Class Member(s)" means a member(s) of the Settlement Class.

1.37    "Settlement Fund" means Six Hundred and Twenty-Five Thousand Dollars ($625,000.00), which shall be the sole and exclusive source of all costs of the settlement, including payment to Settlement Class Members, costs of Claims Administration (not including the cost of serving notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715), payments made to the Claims Referee to resolve any disputed claims, any Attorneys' Fees and Expenses Award, and any Service Awards.

1.38    "Settling Parties" means, collectively, Defendant and Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.39    "Unauthorized Charge Period" means the time from the beginning of the Class Period through the 180th day after the Class Period ends.

1.40    "Unknown Claims" means any of the Released Claims that Representative Plaintiffs do not know or suspect to exist in their favor or in favor of any member of the class they represent at the time of the release of the Released Persons that, if known, might have affected their settlement with, and release of, the Released Persons, or might have affected their decision to participate in this

Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Representative Plaintiffs and Settlement Class Members expressly shall have and by operation of the Judgment shall have, released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Representative Plaintiffs and Settlement Class Members may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs and Settlement Class Members expressly shall have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims.

1.41    All time periods herein stated in terms of "days" shall be in calendar days unless otherwise expressly stated.

## II.    SETTLEMENT CONSIDERATION

2.1    In consideration for the settlement and Releases provided herein, Defendant will fund a Settlement Fund in the amount of Six Hundred Twenty-Five Thousand Dollars ($625,000.00) and provide the injunctive relief described in ¶ 2.5.  The Settlement Fund shall be the only source of payment for all costs of the settlement, including: (a) payments to Settlement Class Members submitting valid Settlement Claims; (b) costs of Claims Administration; (c) the Attorneys' Fees and Expenses Award, if any, to Class Counsel; and (d) the Service Awards, if any.

2.2    Settlement Class Members may make a Settlement Claim for one of two types of Awards to be paid from the Settlement Fund: (i) a Basic Award (of which there will be three Tiers); or (ii) a Reimbursement Award.  These Award categories are exclusive and not cumulative, and

Settlement Class Members may not receive more than one type of Award (or more than one Tier of a Basic Award). If a Settlement Class Member submits a Claim Form seeking more than one type of Award, the Claims Administrator shall pay the single Award of the highest dollar value supported by a valid Claim Form and any required documentation. Only one Settlement Claim may be submitted per Settlement Class Member, regardless of the payment method used or number of FabFitFun memberships purchased. If more than one valid claim is submitted, the largest valid claim filed will be processed and the remaining claims will be denied as duplicative.

2.2.1 *Basic Award.* Every Settlement Class Member who submits an Approved Claim for a Basic Award is eligible to receive a Basic Award of up to $55.00 (within one of three Tiers, as described in this Paragraph), regardless of whether he or she experienced any fraudulent or unauthorized charges on his or her credit or debit card or payment account used to make a purchase from Defendant's website, any fraudulent use of his or her FabFitFun account credentials, or any identity theft as a result of the Security Incident. Tier 1 awards will initially be set at $55.00 for Settlement Class Members, as identified by Defendant's records, who potentially had their payment card, login and password information exposed in the Security Incident; Tier 2 awards will initially be set at $25.00 for Settlement Class Members, as identified by Defendant's records, who potentially had their login and account password, but not payment, information exposed in the Security Incident; and Tier 3 awards will initially be set at $12.00 for Settlement Class Members not in Tier 1 or Tier 2. The actual amount to be paid for Basic Awards will be calculated further as described in ¶ 7.3 below, including with respect to proration based on claims made.

2.2.2 *Reimbursement Award.* A Settlement Class Member who: (i) during the Unauthorized Charge Period experienced one or more fraudulent or unauthorized charges that are claimed by the Settlement Class Member in good faith to be more likely than not caused by the Security Incident on a payment method he or she used on Defendant's website during the Class Period, which charges were not denied or reimbursed; (ii) has made reasonable efforts to avoid, or seek reimbursement for, his or her losses, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance; and (iii) submits an Approved Claim for a Reimbursement Award, shall be eligible to receive a Reimbursement Award consisting of

reimbursement of up to $5,000.00 total for the following unreimbursed losses, if any, incurred as a result of the Security Incident: (a) unreimbursed unauthorized charges during the Unauthorized Charge Period on a payment method used on Defendant's website that more likely than not resulted from the Security Incident (only for Settlement Class Members, as identified by Defendant's records, who potentially had their payment information exposed in the Security Incident); (b) up to three hours of lost time spent dealing with the unreimbursed, unauthorized charges described in ¶ 2.2.2(a) at a rate of $20.00 per hour, but only if at least one full hour was spent, and only if the time can be documented with reasonable specificity by answering the questions on the Claim Form; and (c) Out of Pocket Expenses.  The amounts to be paid for Reimbursement Awards are subject to adjustment as described in ¶ 7.3 below.

       2.3     Settlement Class Members seeking an Award under this Agreement must complete and submit a written Claim Form to the Claims Administrator, postmarked or submitted electronically in accordance with the requirements for electronic submission of a Claim Form, on or before the Claims Deadline, which the Settling Parties propose shall be the 120th day after entry of the Preliminary Approval Order.  The Claim Form must: (a) be signed by the Settlement Class Member with a statement that his or her claim is true and correct to the best of his or her belief; and (b) establish that the Settlement Class Member engaged in a relevant transaction on Defendant's website during the Class Period, either by comparison with Defendant's records in the first instance, or, if Defendant's records do not indicate such a transaction, by: (i) submitting a receipt, bank, credit card, or other financial account statement showing such an applicable purchase or, (ii) if none of the documents in ¶ 2.3(b)(i) are available, the Settlement Class Member shall attest under penalty of perjury that he or she signed up for and purchased a new subscription from the Defendant's website from April 26, 2020 to May 14, 2020 or May 22, 2020 to August 3, 2020, shall identify the approximate date of sign-up, and, if applicable, shall provide the last four digits of his or her credit card number (or, if the credit card number is no longer available, the Settlement Class Member shall attest under penalty of perjury that it is no longer available; or, if a credit card was not used for purchase, the Settlement Class Member should so indicate and provide evidence thereof or attest under penalty of perjury that such evidence is no longer available).  Failure to provide supporting

documentation as set forth in this Paragraph (if required) and ¶ 2.3.1 or as requested on the Claim Form or by the Claims Administrator shall result in denial of a Settlement Claim.

2.3.1 *Additional Information Required for a Reimbursement Award.* In addition to the information and documentation required in ¶ 2.3, a Settlement Class Member seeking a Reimbursement Award must also provide: (i) documentation sufficient to show unauthorized charges made during the Unauthorized Charge Period that were not reimbursed or denied and all claimed losses from such charges; (ii) insofar as the Settlement Class Member seeks reimbursement for time spent, a reasonably specific description of time spent and tasks performed dealing with unauthorized charges or otherwise dealing with the Security Incident and the tasks performed, attested to under oath; (iii) documentation sufficient to show Out of Pocket Expenses and that such expenses were primarily incurred because of, and plausibly arose from, the Security Incident; and (iv) an attestation that the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for the loss, including from the applicable bank or payment card servicer and through exhaustion of any available credit monitoring insurance and identity theft insurance, but has been unsuccessful.

2.3.2 *Confidentiality of Information Submitted by Settlement Class Members.* Information submitted by Settlement Class Members pursuant to this Agreement and in connection with a Settlement Claim shall be deemed confidential and protected as such by the Settling Parties, the Claims Administrator, and the Claims Referee. This provision does not prohibit Class Counsel from reporting to the Court or filing in the public record, upon a request from the Court, the names and cities and states of residence of those Settlement Class Members who have submitted timely and valid requests for exclusion.

2.4 Nothing in this Settlement Agreement shall be construed to provide for a double payment for the same loss or injury that was reimbursed or compensated by any other source. No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement. Settlement Class Members must exhaust all available credit monitoring insurance and identity theft insurance before any Reimbursement Award will be authorized or paid. This provision does not prohibit a Class Member who accepted Defendant's offer, in response to the Security Incident, for a free year of

identity protection services and/or a $25 credit toward a future FabFitFun purchase from also submitting a Settlement Claim under this Settlement Agreement.

2.5    Defendant endeavors to take reasonable steps to secure access to the e-commerce platform through which it transacts with customers. As part of those efforts, Defendant agrees that it has taken or will take the following steps:

1. Employ a third-party cyber security forensic expert to conduct a risk assessment of the FabFitFun data assets and environment consistent with the NIST Risk Management Framework.

2. Offer multi-factor authentication for all FabFitFun customer accounts.

3. Implement a process to train FabFitFun security personnel regarding any new or modified security procedure.

4. Hire additional FabFitFun security/technical personnel, including a Director of Cyber Security or equivalent (subject to Defendant's general employment practices and policies, including at-will employment if applicable).

5. Complete Payment Card Industry ("PCI") Self-Assessment Questionnaire ("SAQ") A.

6. Conduct phishing and penetration testing of the FabFitFun enterprise environment and enterprise user base.

7. Deploy intrusion detection and prevention, malware and anti-virus, and monitoring applications within the FabFitFun environment, as appropriate.

8. Implement regular reviews of the logs of FabFitFun's ecommerce platform, as appropriate.

## III. PRELIMINARY SETTLEMENT APPROVAL AND FINAL APPROVAL

3.1    As soon as practicable after the execution of the Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as Exhibit D, or an order substantially similar to such form, which shall, *inter alia:*

(a) Stay all proceedings in the Litigation other than those related to approval of the Settlement;

(b) Preliminarily certify the Settlement Class for settlement purposes only and preliminarily approve this Agreement for purposes of issuing Class Notice;

(c) Appoint Representative Plaintiffs as the class representatives for settlement purposes only;

(d) Appoint Class Counsel as counsel of the Settlement Class, for settlement purposes only;

(e) Approve the notice program, as set forth in Section IV herein (the "Notice Program");

(f) Approve the form and contents of a long form notice ("Long Notice") to be posted on the settlement website substantially similar to the one attached hereto as Exhibit B, a Summary Notice to be emailed to Settlement Class Members ("Summary Notice") substantially similar to the one attached hereto as Exhibit E, and a postcard notice ("Postcard Notice") substantially similar to the one attached hereto as Exhibit F to be sent via U.S. mail to Settlement Class Members who are deemed to have not received the Summary Notice via email, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in this Settlement Agreement, instructions for how to object to or submit a Request for Exclusion from the settlement, the process and instructions for making Settlement Claims to the extent contemplated herein, and the date, time and place of the Final Approval Hearing;

(g) Approve a Claim Form substantially similar to that attached hereto as Exhibit A;

(h) Appoint the Claims Administrator;

(i) Appoint Martin Quinn, Esq. of JAMS as Claims Referee, or such other Claims Referee as jointly agreed to by the Settling Parties;

(j) Schedule an appropriate Opt Out Date, Objection Deadline, and other settlement-related dates and deadlines to be included in the Class Notice; and

(k) Schedule the Final Approval Hearing.

3.2    Defendant will not oppose entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Agreement as Exhibit D, and is otherwise consistent with this Agreement.

3.3     Class Counsel and Defendant's counsel shall request that the Court hold a Final Approval Hearing after Class Notice is completed and at least 35 days after the Opt Out Date, and grant Final Approval of the settlement set forth herein.

3.4     The proposed Final Approval Order that shall be filed with the motion for final approval and shall be in the form set forth in Exhibit C as agreed upon by Defendant and Class Counsel and shall, among other things:

(a)  Determine that the Settlement Agreement is fair, adequate, and reasonable;

(b)  Finally certify the Settlement Class for settlement purposes only;

(c)  Determine that the Notice Program satisfies due process requirements;

(d)  Dismiss all claims in the FAC with prejudice;

(e)  Bar and enjoin any Settlement Class Members who did not timely opt out in accordance with the requirements of the Agreement from asserting any of the Released Claims; and

(f)  Release and forever discharge Defendant and the Released Persons from the Released Claims, as provided for in this Agreement.

## IV.    NOTICE PROGRAM

4.1     No later than 10 business days after entry of the Preliminary Approval Order, Defendant will provide the Claims Administrator with a Settlement Class Member list in Excel format that includes, to the extent available, the name, email address, and mailing address of each Settlement Class Member as reflected in Defendant's business records.  The Class Member list will also identify which Tier (1, 2, or 3) each class member belongs to, as described in ¶ 2.2.1 herein.  The Claims Administrator shall cause Class Notice to be disseminated to the Settlement Class pursuant to the Preliminary Approval Order and the Notice Program as described below, and in compliance with all applicable laws, including, but not limited to, the Due Process clause of the United States Constitution and Federal Rule of Civil Procedure 23, and be effectuated pursuant to the provisions set forth below, the costs of which shall be costs of Claims Administration.

4.2     Class Notice shall be provided to the Settlement Class as follows:

4.2.1 Within 14 days of receiving the Settlement Class Member data from Defendant, the Claims Administrator shall email the Summary Notice to Settlement Class Members. Within 11 days of emailing the Summary Notice to Settlement Class Members, the Claims Administrator shall send Postcard Notice via First Class U.S. Mail, postage pre-paid, to Settlement Class Members whose email notice could not be delivered. Within 20 days after sending such mail, the Claims Administrator shall undertake reasonable efforts to confirm the address, and to resend notice, for any Settlement Class Members for which the Claims Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered.

4.2.2. Within 7 days of receiving the Settlement Class Member data from Defendant, the Claims Administrator shall establish a dedicated settlement website that includes this Settlement Agreement, the Long Notice, the Summary Notice, and the Claim Form approved by the Court. The Claims Administrator shall maintain and update the website throughout the Claims Period. The Claims Administrator will also post on the settlement website copies of this Settlement Agreement, the motion for final approval of the Settlement, and the motion for Attorneys' Fees and Expenses Award and Service Awards. A toll-free number with interactive voice response, FAQs and an option to speak to a live operator shall also be made available to address Settlement Class Members' inquiries.

4.3    The Notice Program shall be subject to approval by the Court as meeting the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

4.4    The Long Notice, Summary Notice, Postcard Notice, and Claim Form approved by the Court may be adjusted by the Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and necessary and not inconsistent with such approval.

4.5    Prior to the Final Approval Hearing, counsel for the Settling Parties shall cause to be filed with the Court an appropriate declaration from the Claims Administrator demonstrating compliance with the Court-approved Notice Program.

## V.    OPT OUT PROCEDURES

5.1    Each Settlement Class Member wishing to exclude themselves from the Settlement Class must individually sign and timely mail a written Request for Exclusion to the address designated

by the Claims Administrator.

5.2     To be effective, a Request for Exclusion must be postmarked no later than 75 days after the date of entry of the Preliminary Approval Order.

5.3     Within 7 days after the Opt Out Date, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusion.  Class Counsel may present to the Court the number of opt-outs (if any), no later than 14 days prior to the Final Approval Hearing, but may not provide their Personal Information (though should alert the Court that such information is maintained by the Claims Administrator), except that upon the Court's request, Class Counsel may provide the Court a list of Opt Outs with all Personal Information other than names and cities and states of residence redacted.

5.4     All persons who Opt Out from the Settlement Class shall not receive any benefits of or be bound by the terms of this Settlement Agreement.  All persons falling within the definition of the Settlement Class who do not Opt Out shall be bound by the terms of this Settlement Agreement and the Final Approval Order entered thereon.

5.5     If more than four hundred (400) Settlement Class Members timely and validly request exclusion, then Defendant may, in its sole discretion, at any time on or before ten (10) calendar days after the deadline to submit an opt-out notice set forth in ¶ 5.2, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  If this Settlement Agreement is terminated, it will be deemed null and void ab initio and the provisions in ¶ 10.3 shall apply.

## VI.     OBJECTION PROCEDURES

6.1     Each Settlement Class Member who does not file a timely Request for Exclusion may file a notice of intent to object to the Settlement.  The Class Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections only to the Court. The Class Notice shall make clear that the Court can only approve or deny the Settlement Agreement and cannot change the terms. The Class Notice shall advise Settlement Class Members of the deadline for submission of any objections.

6.2    All such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative.

6.2    To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

6.3    Except upon a showing of good cause, any Settlement Class Member who fails to substantially comply with the requirements in Section VI for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of Section VI.

## VII.    CLAIMS ADMINISTRATION

7.1    The Claims Administrator shall administer and calculate the Settlement Claims submitted by Settlement Class Members.  Class Counsel and Defendant's counsel shall periodically be given reports as to both Settlement Claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.  The determination by the Claims Administrator and Claims Referee (as applicable) of

the validity or invalidity of all Settlement Claims shall be binding, subject to the Dispute Resolution Process set forth in this Section VII.

7.2    For each Settlement Claim submitted, the Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information required to complete the Claim Form by the Claims Deadline, including but not limited to information required under ¶¶ 2.3 and 2.3.1; and (3) the information submitted for a Settlement Claim for a Reimbursement Award would lead a reasonable person to conclude that the alleged expenses plausibly arose from the Security Incident (collectively, "Facially Valid").  The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the Settlement Claim.

7.2.1    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the Settlement Claim is Facially Valid, the Claims Administrator shall request additional information and give the claimant 30 days to cure the defect before rejecting the Settlement Claim.  Such requests shall be made within 30 days after the Claims Deadline.  In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request and, for good cause shown shall be given, a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than 60 days from the Effective Date.  If the defect is not cured, then the Settlement Claim will be deemed invalid and there shall be no obligation to pay the Settlement Claim.

7.2.2    Following receipt of additional information requested by the Claims Administrator pursuant to ¶ 7.2.1, the Claims Administrator shall have 30 days to accept, in whole or lesser amount, or reject each Settlement Claim.  If after review of the Settlement Claim and all documentation submitted by the claimant, the Claims Administrator determines that such a Settlement Claim is Facially Valid, then the Settlement Claim shall be paid within the time period provided by ¶ 7.4 to the extent that the Claims Administrator finds the Settlement Claim to be valid.  If the Settlement Claim remains invalid because the claimant does not provide the requested information needed to complete the Claim Form and evaluate the Settlement Claim, then the Claims Administrator

may reject the Settlement Claim without any further action apart from providing a notice of rejection of the Settlement Claim.  The Claims Administrator may allow, in its discretion and with the consent of the parties, a Settlement Claim to be paid at a higher Tier (for a Basic Award) if, notwithstanding Defendant's records reflecting which Tier applies, the Settlement Class Member believes in good faith that a higher Tier award is warranted due to claimed fraud.  If the Settlement Claim is rejected for other reasons, it shall be referred to the Claims Referee.

       7.2.3    Settlement Class Members shall have 30 days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator.  If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have 15 days to reconsider its initial adjustment amount and make a final determination.  If the final determination is approved by the claimant, then the approved amount shall be the total and final amount to be paid.  If the final determination is not approved by the claimant within 30 days, then the dispute will be submitted to the Claims Referee within an additional 10 days.

       7.2.4    The Claims Referee shall have the power to deny a Settlement Claim or approve a Settlement Claim in full or in part.  If any dispute is submitted to the Claims Referee, the Claims Referee shall make a final determination of the dispute or request further supplementation of a Settlement Claim within 30 days.  The Claims Referee's determination shall be based on whether the Claims Referee is persuaded that the claimed amounts are reasonably supported and were more likely than not caused by the Security Incident.  The Claims Referee's decision will be final and non-appealable.  Any claimant referred to the Claims Referee shall reasonably cooperate with the Claims Referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the Claims Referee to verify the Settlement Claim through third party sources, and failure to cooperate shall be grounds for denial of the Settlement Claim in full.  The Claims Referee shall make a final decision within 30 days of receipt of all supplemental information requested.

      7.3    The Claims Administrator shall adjust the payment amount of all Awards as follows:

       7.3.1    If the total dollar value of all Approved Claims at the payment amounts set forth in ¶¶ 2.2.1 and 2.2.2, is less than the amount remaining in the Settlement Fund after the Claims

Deadline has passed and after the Attorneys' Fees and Expenses Award, the Service Awards, Claims Administration costs, and any payments to the Claims Referee have been paid in full out of the Settlement Fund, the payment amount for all Approved Claims shall be increased *pro rata* among all Settlement Class Members who submitted Approved Claims, up to a maximum of twice the total amounts set forth in ¶¶ 2.2.1 and 2.2.2, notwithstanding the maximum amounts set forth in those Paragraphs.  By way of example, the total Basic Award payment can be increased up to a maximum of $110.00, and the Reimbursement Award payment can be increased up to a maximum of $10,000.00.

       7.3.2   If the total dollar value of all Approved Claims at the payment amounts set forth in ¶¶ 2.2.1 and 2.2.2 exceeds the amount remaining in the Settlement Fund after the Claims Deadline has passed and after the Attorneys' Fees and Expenses Award and the Service Awards, Claims Administration costs, and any payments to the Claims Referee have been paid in full out of the Settlement Fund, the payment amount for all Approved Claims shall be reduced *pro rata* among all Settlement Class Members who submitted Approved Claims.

      7.4   The $625,000 Settlement Fund will be paid by Defendant to the Claims Administrator within 10 business days following entry by the Court of the Preliminary Approval Order. The Claims Administrator shall agree to hold the Settlement Fund in a non-interest-bearing account, and administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined in Treasury Regulation § 1.468B-1, *et seq*.  Any taxes owed by the Settlement Fund shall be paid by the Claims Administrator out of the Settlement Fund.  Defendant will pay, separate from the Settlement Fund, the cost of serving notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b), which shall be the only payment that Defendant is obligated to pay separate from the Settlement Fund.  Defendant shall not have any other financial obligation under the Settlement Agreement. In addition, under no circumstances will Defendant have any liability for taxes or tax expenses under the Settlement Agreement.

      7.5   The Claims Administrator will mail Award checks or send funds electronically (in an electronic payment format recommended by the Claims Administrator, such as PayPal, and agreed-

upon by the parties) for Approved Claims within the later of 90 days after the Effective Date or 30 days after all disputed claims have been resolved. No distributions will be made without authorization from the parties.  The Claims Administrator will conduct skip tracing and re-send checks that were returned as undeliverable.  Award checks shall be valid for a period of 180 days from issuance, and shall state, in words or substance, that the check must be cashed within 180 days, after which time it will become void.  In the event a settlement check becomes void, the Settlement Class Member to whom that settlement check was made payable will forfeit the right to payment and will not be entitled to have the check reissued or to any further distribution from the Settlement Fund or to any further recourse against the Released Parties, and the Settlement Agreement and Release will in all other respects be fully enforceable against the Settlement Class Member.  No later than 190 days from the issuance of the Award checks, the Claims Administrator shall take all steps necessary to stop payment on any Award checks that remain uncashed.

7.6    If there is any balance remaining in the Settlement Fund Account 90 days after the Claims Administrator completes the process for stopping payment on any Award checks that remain uncashed, the Settling Parties will return to the Court seeking direction as to the disposition of these funds, including the selection of a *cy pres* recipient, which shall be a 501(c)(3) selected by the Settling Parties (subject to Court approval).  The funds distributed pursuant to the *cy pres* provision set forth in this Paragraph shall not be considered unclaimed property under the laws of California or any other state.

7.7    No Person shall have any claim against the Claims Administrator, Claims Referee, Defendant, Defendant's counsel, Class Counsel, and/or the Representative Plaintiffs based on distributions of benefits to Settlement Class Members or to the *cy pres* recipient named herein, if applicable.

7.8    All Settlement Class Members who fail to timely submit a valid Settlement Claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by,

the provisions of the Settlement Agreement, the Releases contained herein and the Final Approval Order.

## VIII. RELEASES

8.1     Upon the Effective Date, and in consideration of the settlement benefits described herein, each Settlement Class Member, including Representative Plaintiffs, whether or not they received an Award, will be deemed by this Agreement and by operation of the Final Approval Order to have completely and unconditionally released, forever discharged and acquitted the Released Persons from any and all of the Released Claims, and Representative Plaintiffs will be deemed to have also released Unknown Claims.

8.2     The Settlement Agreement shall be the sole and exclusive remedy for any and all released claims of Settlement Class Members. Upon entry of the Final Approval Order, each member of the Settlement Class shall be barred from initiating, asserting, or prosecuting against any Released Person any claims, including Unknown Claims, that are released by operation of the Settlement Agreement and the Final Approval Order.

8.3     Upon entry of the Final Approval Order, Defendant shall have fully, finally and forever released, relinquished and discharged as against Representative Plaintiffs, all claims arising out of, relating to or in connection with the institution, prosecution, assertion, defense, settlement or resolution of the Litigation.

## IX.    CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS; AND REPRESENTATIVE PLAINTIFFS' AWARDS

9.1     Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees, payable solely from the Settlement Fund, in an amount not to exceed twenty-five (25) percent of the Settlement Fund.  Class Counsel shall also apply to the Court for reimbursement of their reasonable costs and litigation expenses incurred, also payable solely from the Settlement Fund.  Class Counsel will apply to the Court for such approval and will serve Defendant's counsel with such application no later than 35 days prior to the Objection Deadline.  Defendant shall take no position with regard

to Class Counsel's application for the Attorneys' Fees and Expenses Award if the application complies with the provisions of this Section.

9.2     Class Counsel will request from the Court service awards for the Representative Plaintiffs in the amount of $5,000.00 each, to be paid solely from the Settlement Fund.  Defendant shall take no position with regard to the Representative Plaintiffs' request for service award payments to the extent they do not exceed this amount.

9.3     The Claims Administrator shall pay the Attorneys' Fees and Expenses Award and Service Awards from the Settlement Fund to Clayeo C. Arnold, A Professional Law Corp. within ten (10) days after the Court executes an order (or orders) awarding such Attorneys' Fees and Expenses Award and Service Awards.  The Attorneys' Fees and Expenses Award will be allocated among Class Counsel by Clayeo C. Arnold, A Professional Law Corp., following consultation with Class Counsel. In the event that the Effective Date does not occur, or the Final Approval Order or the order making the Attorneys' Fees and Expenses Award is reversed or modified, or the Settlement Agreement is cancelled or terminated or modified for any other reason, and in the event that the Attorneys' Fees and Expenses Award has been paid to any extent, then Class Counsel shall, within five (5) business days after receiving notice from Defendant or from a court of appropriate jurisdiction, refund to the Settlement Fund, as appropriate, the amounts previously paid to Class Counsel, in an amount consistent with such reversal, modification, cancellation, or termination.  Class Counsel, as a condition of receiving such fees and expenses, hereby agree that their respective law firms are each unconditionally obligated to make such refund of fees and expenses received by their respective law firms, and are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Section.

9.4     The finality or effectiveness of the Settlement Agreement shall not depend upon the Court awarding any particular Attorneys' Fees and Expenses Award or Service Awards.  No order of the Court, or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees, costs and expenses, and/or Service Awards ordered by the Court to Class

Counsel or Representative Plaintiffs shall affect whether the Judgment is final or constitute grounds for cancellation or termination of this Settlement Agreement.

## X.    CONDITIONS OF SETTLEMENT, CANCELLATION, OR TERMINATION

10.1    This Agreement is subject to and conditioned upon the occurrence of all of the following events:

> (a)    The Court has entered a Preliminary Approval Order as provided by ¶ 3.1;
>
> (b)    The Court has entered a Final Approval Order as provided by ¶ 3.4; and
>
> (c)    The Effective Date has occurred, as defined in ¶ 1.16.

10.2    If all of the conditions in ¶ 10.1 are not fully satisfied and the Effective Date does not occur, the Settlement Agreement shall, without notice, be automatically terminated unless Class Counsel and Defendant's counsel mutually agree in writing to proceed with the Settlement Agreement.

10.3    This Agreement shall survive any Court order issued prior to a ruling on Plaintiffs' Motion for Final Approval of the Settlement, including any order which has the effect of: (1) dismissing this action; (2) denying class certification; or (3) compelling arbitration of Plaintiffs' claims, and in any such case the Parties shall endeavor in good faith to pursue consummation of the Settlement Agreement on the terms herein to the extent practicable.  Nothing herein is intended to waive any conditions to the effectiveness of the settlement, including as described in ¶ 10.1 of this Agreement.

10.4    In the event of termination, this Agreement shall have no further force or effect regarding the Settling Parties' rights and the Settling Parties shall jointly request the Court to hold a scheduling conference for the purpose of establishing a new case schedule, with Defendant reserving its right to pursue arbitration of all claims, including pursuant to its pending Motion to Compel Arbitration or, in the Alternative, to Dismiss.

10.5    Defendant conditionally agrees and consents to certification of the Settlement Class for settlement purposes only, and within the context of the Settlement Agreement only. If the Settlement Agreement, for any reason, is not finally approved or is otherwise terminated, Defendant

reserves the right to assert any and all objections and defenses to certification of a class, including based on Defendant's reserved right to move to compel arbitration, and neither the Settlement Agreement nor any Order or other action relating to the Settlement Agreement shall be offered by any Person as evidence in support of a motion to certify a class for a purpose other than this Settlement.

## XI.    MISCELLANEOUS PROVISIONS

11.1    The Settling Parties and their counsel agree to undertake commercially reasonable efforts and mutually cooperate to effectuate this Agreement and the terms of the proposed Settlement set forth herein, including taking all steps and efforts contemplated by this Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise.  The Settling Parties further agree to defend this Agreement against objections made to the Settlement or the Final Approval Order at the Final Approval Hearing or in any appeal of the Final Approval Order or in any collateral attack on this Agreement or Final Approval Order.

11.2    The Settling Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Agreement compromises claims that are contested and shall not be deemed an admission by any of the Parties as to the merits of any claim or defense.  The Settling Parties each agree that the settlement and this Agreement were negotiated in good faith and at arm's-length by the Settling Parties, and reflects a Settlement that was reached voluntarily after consultation with competent legal counsel.

11.3    The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.  Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

11.4    Except as otherwise provided, this Agreement contains the entire agreement between the Settling Parties, and supersedes any prior agreements or understandings between them.  All terms of this Agreement are contractual and not mere recitals, and shall be construed as if drafted by all Settling Parties to this Agreement.  The terms of this Agreement are and shall be binding upon each of the Settling Parties to this Agreement, their agents, attorneys, employees, successors and assigns,

and upon all other Persons or entities claiming any interest in the subject matter hereof, including any Settlement Class Member.

11.5.   Defendant shall not be liable for any additional Attorneys' Fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Agreement. Class Counsel agree to hold Defendant harmless from any claim regarding the division of any award of attorneys' fees and expenses to Class Counsel, and any claim that the term "Class Counsel" (as defined in ¶ 1.11 of this Agreement) fails to include any counsel, Person, or firm who claims that they are entitled to a share of any Attorneys' Fees awarded to Class Counsel in this lawsuit.

11.6   Except as required by law or any other disclosure obligations, the Parties, and the Parties' counsel, shall not issue any press releases or make any postings on social media about this case or the Settlement; however, Defendant may respond to relevant posts on Defendant's Website or social media sites, and a Party or the Party's counsel may also respond to any incoming press inquiry about this case or the Settlement with a responsive statement approved in advance by the opposing Party or the opposing Party's counsel.  Counsel for the Parties may identify this case, its nature, and the fact that it settled on their personal or firm resumes and on their websites.

11.6.  This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of California.

11.7   Any individual signing this Agreement on behalf of any Person represents and warrants that he or she has full authority to execute and enter into the terms and conditions of this Agreement on behalf of such Person.

11.8   The Settling Parties and each Settlement Class Member irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of the Agreement and its exhibits, but for no other purpose.

11.9   All agreements made and orders entered during the course of Litigation relating to the confidentiality of information shall survive this Agreement, including but not limited to those relating to all information exchanged for purposes of mediation or under the auspices of Federal Rule of Evidence 408.

11.10    Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered by email, if to Defendant to the attention of the Defendant's counsel, or if to the Settlement Class to Class Counsel, or to other recipients as the Court may specify.

11.11    This Agreement may be executed by the Settling Parties or their authorized representatives in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.   Scanned signatures or signatures sent by email or facsimile shall be as effective as original signatures.

IT IS SO AGREED.

Dated:    February 16, 2021    By: _____
                                        Cheryl Gaston

Dated:    February ___, 2021    By: _____
                                        Renate Garrison

Dated:    February ___, 2021    M. Anderson Berry, Bar No. 262879
                                **CLAYEO C. ARNOLD, A PROFESSIONAL
                                LAW CORP.**

                                Rachele R. Byrd, Bar No. 190634
                                **WOLF HALDENSTEIN ADLER FREEMAN &
                                HERZ LLP**

                                By: _____
                                        M. Anderson Berry

                                *Counsel for Representative Plaintiffs and the
                                Settlement Class*

Dated:    February ___, 2021    **FABFITFUN, INC**.

                                By: _____
                                        J. Scott Di Valerio
                                        Chief Financial Officer

Doc ID: 70b2de7ba883ce25e2513e8dddb14e13c9c71edf

Dated:        February __, 2021        By: _____
                                            Cheryl Gaston

Dated:        February 16, 2021        By: _____
                                            Renate Garrison

Dated:        February __, 2021        M. Anderson Berry, Bar No. 262879
                                       **CLAYEO C. ARNOLD, A PROFESSIONAL
                                       LAW CORP.**

                                       Rachele R. Byrd, Bar No. 190634
                                       **WOLF HALDENSTEIN ADLER FREEMAN &
                                       HERZ LLP**

                                       By: _____
                                            M. Anderson Berry

                                       *Counsel for Representative Plaintiffs and the
                                       Settlement Class*

Dated:        February __, 2021        **FABFITFUN, INC**.

                                       By: _____
                                            J. Scott Di Valerio
                                            Chief Financial Officer

Doc ID: e47826187bfab3ecdf1c958961e95e9e06585ca7

1 Dated: February ___, 2021 By: _____
             Cheryl Gaston

2

3

4 Dated: February ___, 2021 By: _____
             Renate Garrison

5

6

7 Dated: February __, 2021 M. Anderson Berry, Bar No. 262879
            **CLAYEO C. ARNOLD, A PROFESSIONAL**

8            **LAW CORP.**

9            Rachele R. Byrd, Bar No. 190634

10           **WOLF HALDENSTEIN ADLER FREEMAN &**
            **HERZ LLP**

11

12           By: _____

13             M. Anderson Berry

14           *Counsel for Representative Plaintiffs and the*
           *Settlement Class*

15

16 Dated: February ___, 2021 **FABFITFUN, INC.**

17

18           By: _____

19             J. Scott Di Valerio
             Chief Financial Officer

20

21

22

23

24

25

26

27

28

Dated:          February __, 2021         By: _____
                                                Cheryl Gaston

Dated:          February __, 2021         By: _____
                                                Renate Garrison

Dated:          February __, 2021         M. Anderson Berry, Bar No. 262879
                                          **CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORP.**

                                          Rachele R. Byrd, Bar No. 190634
                                          **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

                                          By: _____
                                                M. Anderson Berry

                                          *Counsel for Representative Plaintiffs and the Settlement Class*

Dated:          February 16, 2021         **FABFITFUN, INC**.

                                          By: _____
                                                J. Scott Di Valerio
                                                Chief Financial Officer

Dated:    February 16, 2021    **COOLEY LLP**
Travis LeBlanc, Bar No. 251097
Kathleen R. Hartnett, Bar No. 314267
Charles A. Wood, Bar No. 310702
Joseph D. Mornin, Bar No. 307766

By:  _Travis LeBlanc_

Travis LeBlanc

*Counsel for Defendant FabFitFun, Inc.*

# EXHIBIT A

## <u>SETTLEMENT CLAIM FORM</u>

This Claim Form should be filled out online or submitted by mail if you engaged in a relevant transaction on FabFitFun's website during the time period of April 26, 2020 to May 14, 2020 or May 22, 2020 to August 3, 2020.

You may receive a payment if you properly and timely complete this Claim Form, the Settlement is approved, and you are found to be eligible for a payment.

The Class Notice describes your legal rights and options. You can obtain the Class Notice and further information about the Litigation, the Settlement Agreement, and your legal rights and options on the official Settlement website, www.FFFdbSettlement.com, or by calling 1-800-xxx-xxxx.

Your claim must be submitted online or postmarked by _____, 2021 to be considered for payment. You can submit your claim for a settlement award in two ways:

1. Online at www.FFFdbSettlement.com by following instructions on the "Submit a Claim" page.

2. By mail to the Claims Administrator at this address: [INSERT CLAIMS ADMINISTRATOR ADDRESS].

Only one Settlement Claim may be submitted per Settlement Class Member, regardless of the number of payment methods used or the number of FabFitFun memberships purchased.

## 1.    CLASS MEMBER INFORMATION (REQUIRED)

Name (First, MI, Last):
_____

Address:
_____

City: _____   State: _____   Zip Code: _____

Phone: _____   Email (if any): _____

❑  I attest under penalty of perjury that I purchased a new subscription from FabFitFun's website during the time period of April 26, 2020 to May 14, 2020 or May 22, 2020 to August 3, 2020:

Approximate date of purchase: _____

Last 4 digits of credit or debit card used (if applicable): _____

❑  (Check if Apple Pay or PayPal used for purchase). I attest under penalty of perjury that I paid for my purchase with Apple Pay or PayPal.

❑  (Check if card is no longer available). I attest under penalty of perjury that I no longer have the debit or credit card used and do not know or have any records showing the last 4 digits of this card.

**2.       PAYMENT ELIGIBILITY INFORMATION (REQUIRED)**

To prepare for this section of the Claim Form, please review the Class Notice and Sections 2.1 through 2.4 of the Settlement Agreement (available atwww.FFFdbSettlement.com) for more information on the types of awards available and rules for receiving an award.

Settlement Class Members may receive only <u>one</u> of the following types of awards: (1) Basic Award; or (2) Reimbursement Award.  Which type of award are you making a claim for (check one)?

❑ Basic Award (go to Section 6)
**OR**
❑ Reimbursement Award (go to Section 3)

**3.       ADDITIONAL INFORMATION REQUIRED FROM SETTLEMENT CLASS MEMBERS SEEKING A REIMBURSEMENT AWARD.**

You must complete this Section 3 if you are seeking a Reimbursement Award.  Please provide as much information as possible.

❑ ***Required:***  I attest under penalty of perjury that I experienced one or more fraudulent charges from April 26, 2020 through January 30, 2021,  on a credit, debit card, or other payment method I used to make a purchase from the FabFitFun website.

❑ ***Required:***  Such charges have not been reimbursed.

❑ ***Required:***  I believe in good faith such charges were more likely than not the result of the Security Incident that affected the FabFitFun website described in the Class Notice.

The total amount of unreimbursed fraudulent charges that I am claiming is $_____

***Examples***: Fraudulent charges that were made on your credit or debit card account and that were not reversed or repaid even though you reported them to your bank or credit card company.

***Required***: Attach a copy of statements that show the fraudulent charges and any correspondence showing that you reported them as unauthorized.  (Please redact all unrelated transactions).  If you do not have any written correspondence reporting the charges, describe when and how you reported them and who you reported them to (attached pages as necessary):

_____

_____

❑ (***Required***).  I have made good faith efforts to have these unauthorized charges reversed or repaid, including through my bank or credit card company, and have exhausted all available credit monitoring, identity theft insurance, or other applicable insurance policies, but have not been successful at having the charges reversed, have not received payment, and have no insurance coverage for these unauthorized charges.

❏ (Check if applicable).  I spent more than 1 hour dealing with these unauthorized charges and wish to be reimbursed for my time spent, up to a maximum of three (3) hours.  I spent this much time (round to the nearest hour and check only one box):

> ❏ 1 Hour      ❏ 2 Hours      ❏ 3 Hours

> *Examples*: You spent at least one full hour calling customer service lines, writing letters or emails, or on the internet trying to get unauthorized charges reversed or reimbursed.  Please note that the time it takes to fill out this Claim Form is not reimbursable and should not be included in the total number of hours claimed.

> *Required*: If time was spent on the telephone, online, or writing letters, in the space below, describe what you did, or attach a copy of any letters or emails that you wrote.  If the time was spent trying to get unauthorized charges reversed or reimbursed, describe what you did.

_____

_____

_____

*If you are also seeking reimbursement for Out-of-Pocket Expenses as part of your claim for a Reimbursement Award, complete Section 4.  Otherwise, go to Section 6.*

**4.    ADDITIONAL INFORMATION REQUIRED FROM SETTLEMENT CLASS MEMBERS SEEKING REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES IN CONNECTION WITH A REIMBURSEMENT AWARD.**

❏ I attest under penalty of perjury that I am making a claim for a Reimbursement Award, and that I incurred the following Out-of-Pocket Expenses as a result of one or more unauthorized charges between April 26, 2020 and January 30, 2021 on a credit or debit card I used to make a purchase from the FabFitFun website.

❏  I believe in good faith that such unauthorized charges were more likely than not the result of the security incident that affected FabFitFun's website that was first disclosed to customers by FabFitFun in September 2020.

*Check all that apply, stating the total amount you are claiming for each category and attaching documentation of the charges as described below.  Round total amounts to the nearest dollar.*

❏ Unreimbursed payment card fees or bank fees

> Total amount claimed for this category: $_____

> *Examples*: Overdraft fees, over-limit fees, late fees, charges due to insufficient funds or interest, card reissuance fees.

> *Required*: A copy of a bank or credit card statement or other proof of claimed fees or charges (you may redact unrelated transactions).

❑ Cell, internet or text charges

Total amount claimed for this category: $_____

*Examples*: Long distance or cell phone charges (if charged by the minute), or data charges (if charged based on the amount of data used).

*Required*: A copy of the bill from your telephone company, cell phone company, or internet service provider showing the claimed charges.

❑ Unreimbursed costs of obtaining credit reports, credit freezes, or credit monitoring or identity theft protection services (up to two years of coverage)

Total amount claimed for this category: $_____

*Examples*: The cost of purchasing a credit report or placing a credit freeze.

*Required*: A copy of a receipt of other proof of purchase for each credit report, credit freeze, or credit monitoring or identity theft protection services (up to two years of coverage) purchased or placed.

❑ Postage costs

Total amount claimed for this category: $_____

*Examples*: Postage for correspondence with your bank or credit card company about unauthorized charges.  The cost of submitting this form is not included.

*Required*: A copy of any receipt or proof of purchase for all postage costs claimed showing date, amount and vendor.

## 5.    PAYMENT METHOD

**Please select the manner in which payment will be issued for your valid Claims.**

- PayPal[*]:                    ❑        _____
                                              PayPal Email Address
- Paper Check via        ❑
  Mail:

*If you select payment via PayPal, the email address entered on this form will be used to process the payment to your PayPal account linked to that email address. If you do not have a PayPal account, you will be prompted to open an account using the email address entered on this form.

## 6.    CERTIFICATION

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

4

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Claims Administrator or Claims Referee before my claim will be considered complete and valid.

Signature: _____

Print Name: _____

Date: _____

Once you've completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by ____, 2021.

[INSERT CLAIMS ADMINISTRATOR ADDRESS]

# EXHIBIT B

**To:**  **All individuals identified by FabFitFun and to whom FabFitFun sent notice that their information may have been exposed in the Security Incident defined below (the "Settlement Class Members").**

A proposed Settlement has been reached in a class action lawsuit titled, *Gaston, et al. v. FabFitFun, Inc*., No. 2:20-cv-09534-RGK-E (C.D. Cal.). The lawsuit asserted claims against Defendant FabFitFun, Inc. related to a security incident that may have affected new customer sign ups from April 26, 2020 to May 14, 2020 and May 22, 2020 to August 3, 2020 and about which FabFitFun notified consumers in September 2020 (the "Security Incident"). Defendant denies all of the claims and denies that it did anything wrong.

The Settlement offers payments to Settlement Class Members who were sent notice that they were potentially affected by the Security Incident. The amount paid will depend upon how many people submit valid claims and whether:

(1)  the Settlement Class Member potentially had their payment card, login and password information exposed in the Security Incident (preliminarily set at **$55.00** per Settlement Class Member in this category and subject to adjustment based on the number of claims made);

(2)  the Settlement Class Member potentially had their login and account password, but not payment information, exposed in the Security Incident (preliminarily set at **$25.00** per Settlement Class Member and subject to adjustment based on the number of claims made); or

(3)  none of the above (preliminarily set at **$12.00** per Settlement Class Member and subject to adjustment based on the number of claims made); or

(4)  if you experienced unauthorized charges that were not denied, reversed or otherwise credited or reimbursed and which you believe in good faith were more likely than not caused by the Security Incident, you may instead file a claim for a Reimbursement Award as explained below.

If you are a Settlement Class Member, your options are:

| | |
|---|---|
| SUBMIT A CLAIM FORM DEADLINE: | You must submit a valid claim form to receive a payment from this Settlement. |
| DO NOTHING | You will receive no payment and will no longer be able to sue Defendant over the claims resolved in the Settlement. |

1

| EXCLUDE YOURSELF DEADLINE: | You may exclude yourself from this Settlement and keep your right to sue separately.  If you exclude yourself, you receive no payment.  Exclusion instructions are provided in this notice. |
|---|---|
| OBJECT DEADLINE: _____ | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the Settlement by following the instructions in this notice.  The Court may reject your objection.  You must still file a claim if you desire any monetary relief under the Settlement. |

The court must give final approval to the settlement before it takes effect, but has not yet done so.  No payments will be made until after the court gives final approval and any appeals are resolved.

**Please review this notice carefully.**  You can learn more about the Settlement by visiting **www.FFFdbSettlement.com.com** or by calling 1-800-XXX-XXXX.

## Further Information about this Notice and the Lawsuit

*1.    Why was this Notice issued?*

You received this notice because you may be a Settlement Class Member able to receive payment from a proposed settlement of the class action lawsuit *Gaston, et al. v. FabFitFun, Inc.*, United States District Court, Central District of California, Case No. 2:20-cv-09534-RGK-E (the "Lawsuit").  The Court overseeing the Lawsuit authorized this Notice to advise Settlement Class Members about the proposed Settlement that will affect their legal rights.  The Notice explains certain legal rights and options you have in connection with that settlement.

*2.    What is the Lawsuit about?*

The Lawsuit is a proposed class action lawsuit brought on behalf of FabFitFun customers whose Personal Information may have been accessed and/or compromised by unauthorized individuals as part of the Security Incident.  The Security Incident involved the potential exposure of payment card data of customers who used a credit or debit card to purchase a membership on the FabFitFun website, as well as FabFitFun website credentials for those and other users. The potentially-exposed information may include customers' names, FabFitFun username and password, payment card numbers, CVV security codes, and credit card expiration dates.

The Lawsuit claims Defendant is legally responsible for the Security Incident and asserts various legal claims, including negligence, declaratory relief, and violations

2

of the Colorado Consumer Protection Act.  Defendant denies these claims and denies that it did anything wrong.

*3.    Why is the Lawsuit a class action?*

In a class action, one or more representative plaintiffs bring a lawsuit on behalf of others who have similar claims.  Together, all of these people are the "class" and each individually is a "class member."  There are two Representative Plaintiffs in this case:  Cheryl Gaston and Renate Garrison. The class in this case is referred to in this Notice as the "Settlement Class."

*4.    Why is there a Settlement?*

The Representative Plaintiffs in the Lawsuit, through their attorneys, investigated the facts and law relating to the issues in the Lawsuit.  The Representative Plaintiffs and Class Counsel believe that the settlement is fair, reasonable, and adequate and will provide substantial benefits to the Class.  The Court has not decided whether the Representative Plaintiffs' claims or Defendant's defenses have any merit, and it will not do so if the proposed settlement is approved.  By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will receive compensation. The settlement does not mean that Defendant did anything wrong, or that the Representative Plaintiffs and the Class would or would not win their case if it were to go to trial.

## Terms of the Proposed Settlement

*5.    Who is in the Settlement Class?*

The Settlement Class is defined by the Court as all individuals identified by FabFitFun and to whom FabFitFun sent notice that their information may have been exposed in the Security Incident.

*6.    What are the terms of the Settlement?*

The proposed Settlement would create a Settlement Fund of $625,000.00 that would be used to pay all costs of the settlement, including: (i) payments to Settlement Class Members who submit valid claims; (ii) costs of Claims Administration ($80,000); (iii) any payments made to the Claims Referee to resolve any disputed claims; (iv) any attorneys' fees and costs awarded by the Court to Class Counsel ($156,250 plus costs of approximately $10,000); and (v) any service awards to the Representative Plaintiffs awarded by the Court ($10,000 total).  The Settlement also releases all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Security Incident, as detailed in the Settlement Agreement.

*7.     What claims are Settlement Class Members giving up under the Settlement?*

Settlement Class Members who do not validly exclude themselves from the Settlement will be bound by the Settlement Agreement and any final judgment entered by the Court, and will give up their right to sue Defendant for the claims being resolved by the Settlement, including all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Security Incident.  The claims that Settlement Class Members are releasing are described in Section 1.27 of the Settlement Agreement and the persons and entities being released from those claims are described in Section 1.28 of the Settlement Agreement. Section VIII of the Settlement Agreement explains when such releases will occur.

## Payments to Settlement Class Members

*8.     What kind of payments can Settlement Class Members receive?*

Settlement Class Members who submit valid claims and all required documentation may receive one of two types of payments to be paid from the Settlement Fund: (1) a Basic Award; or (2) a Reimbursement Award.  Settlement Class Members may receive <u>only</u> one Award.  Depending on how many valid claims are submitted, the amount of each Award may be adjusted upward or downward proportionally among Settlement Class Members submitting valid claims, as explained further below in Question 11.  Only one Settlement Claim may be submitted per Settlement Class Member.

*9.     What is a Basic Award?*

Every Settlement Class Member is eligible to receive a Basic Award of up to $12, $25, or $55, regardless of whether he or she experienced any unauthorized charges on a payment method used to purchase a membership from FabFitFun.  Settlement Class Members seeking a Basic Award must provide the information required on the Claim Form.  The maximum amount paid as a Basic Award ($12, $25, or $55) will depend on what information may have been exposed for a particular Settlement Class Member, based on FabFitFun's records and determination by the Settlement Administrator, and is subject to upward or downward adjustment as described below in Question 11.

There are three tiers for the Basic Award:

    (a) Tier 1:  Settlement Class Members who potentially had their payment card, login and password information exposed in the Security Incident will receive $55.00,

subject to upward or downward adjustment depending upon how many Settlement Class Members file claims;

(b) Tier 2:  Settlement Class Members who potentially had their login and account password, but not payment information, exposed in the Security Incident will receive $25.00, subject to upward or downward adjustment depending upon how many Settlement Class Members file claims; and

(c) Tier 3:  Settlement Class Members who neither had their login and account password or their payment information exposed in the Security Incident but to whom Defendant sent a notice will receive $12.00, subject to upward or downward adjustment depending upon how many Settlement Class Members file claims.

Eligibility for any award, including the maximum amount for a Basic Award, is within the discretion of the Settlement Administrator as outlined in Paragraph 16.

*10.  What is a Reimbursement Award?*

Settlement Class Members who, at any time from April 26, 2020, through January 30, 2021, experienced unauthorized charges on their payment card that were not denied, reversed or otherwise credited or reimbursed, which charges the Settlement Class Member believes in good faith were more likely than not caused by the Security Incident, are eligible to receive a Reimbursement Award of up to $5,000 as reimbursement for: (i) those unreimbursed, unauthorized charges, (ii) up to three hours of lost time spent dealing with the unreimbursed, unauthorized charges or the Security Incident, at a rate of $20 per hour, and (iii) the following types of out of pocket expenses related to the Security Incident:

- unreimbursed payment card fees or unreimbursed bank fees incurred as a result of the Security Incident, including card reissuance fees, overdraft fees, charges related to unavailability of funds, late fees, over-limit fees and unreimbursed fees relating to an account being frozen or otherwise unavailable due to the Security Incident;

- cell, internet or text charges incurred as a result of the Security Incident;

- unreimbursed costs or charges for obtaining credit reports, credit freezes, or credit monitoring or identity theft protection services (up to two years of coverage) incurred as a result of the Security Incident; and

- postage costs incurred as a result of the Security Incident.

5

No other types of expenses will be reimbursed, and you cannot recover for emotional distress. Claimants must exhaust all available credit monitoring insurance and identity theft insurance before seeking a Reimbursement Award. Settlement Class Members seeking a Reimbursement Award must provide the information and documents required on the Claim Form. The amount paid as a Reimbursement Award is subject to upward or downward adjustment as described below in Question 11.

*11.   When and how will the amount of Settlement Payments be adjusted?*

The amounts paid for all Basic Awards and Reimbursement Awards will be adjusted upward or downward from the amounts listed in Questions 9-10 above depending on how many Settlement Class Members submit valid claims.

If the total dollar value of all valid claims is less than the amount of money available in the Settlement Fund for payment of Settlement Class Member claims at the amounts listed above in response to Questions 9-10, the amount of payment for Basic Awards and Reimbursement Awards will be adjusted upward proportionally among all valid claims, up to a maximum of twice the dollar amounts listed in Questions 9-10 (e.g., certain Basic Awards may be adjusted up to $110).

If the total dollar value of all valid claims is more than the amount of money available in the Settlement Fund for payment of Settlement Class Member claims at the amounts listed above in response to Questions 9-10, the amount of payment for Basic Awards and Reimbursement Awards will be adjusted downward proportionally among all valid claims.

12.   *What happens after all claims are processed and there are funds remaining?*

If there are any funds remaining after all valid claims are processed and the time to cash any payment checks has passed, those funds shall be distributed as directed by the Court, including potential distribution to a charitable organization. No remaining funds will be returned to Defendant.

### Your Options as a Settlement Class Member

*13.   If I am a Settlement Class Member, what options do I have?*

If you are a Settlement Class Member, you do not have to do anything to remain in the Settlement. **However, if you wish to seek a Settlement Award, you <u>must</u> complete and submit a Claim Form postmarked or submitted online by [INSERT DATE].** You may submit a Claim Form online at **www.FFFdbSettlement.com**.

6

If you do not want to give up your right to sue Defendant about the Security Incident or the issues raised in this case, you must exclude yourself (or "opt out") from the Settlement Class.    See Question 17 below for instructions on how to exclude yourself.

If you object to the settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and file a written objection in this case only with the Court at the address in Question 20 below.  If you object, you must still submit a claim if you want any monetary relief.

14.    *What happens if I do nothing?*

If you do nothing, you will get no Settlement Award from this Settlement.  Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant related to the claims released by the Settlement.

15.    *How do I submit a claim?*

You may complete the Claim Form online at **www.FFFdbSettlement.com.**  You may also obtain a paper Claim Form by downloading it at **www.FFFdbSettlement.com** or by calling the claims administrator at **[INSERT TOLL-FREE NUMBER]**.  If you choose to complete a paper Claim Form you may either submit the completed and signed Claim Form and any supporting materials electronically at **www.FFFdbSettlement.com** or mail them to:  **[INSERT CLAIMS MAILING ADDRESS].**

16.    *Who decides my Settlement claim and how do they do it?*

The Claims Administrator will initially decide whether a Claim Form is complete and valid and includes all required documentation.  The Claims Administrator may require additional information from any claimant.  Failure to timely provide all required information will invalidate a claim and it will not be paid.  If a Claim Form is complete but the Claims Administrator denies or partially denies the claim, the claimant will have an opportunity to have their claim reviewed by an impartial Claim Referee who has been appointed by the Court.

17.    *How do I exclude myself from the Settlement?*

You must make a signed written request that (i) says you wish to exclude yourself from the Settlement Class in this Lawsuit, and (ii) includes your name, address and phone number.  You must mail your request to this address:

[**INSERT REQUEST FOR EXCLUSION MAILING ADDRESS**]

Your request must be postmarked by [**INSERT DATE**].

*18.    If I exclude myself, can I receive any payment from this Settlement?*

No.  If you exclude yourself, you will not be entitled to any Award.  However, you will also not be bound by any judgment in this Lawsuit.

*19.    If I do not exclude myself, can I sue Defendant for the Security Incident later?*

No.  Unless you exclude yourself, you give up any right to sue Defendant for the claims that this Settlement resolves.  You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.  If you exclude yourself, do not submit a Claim Form requesting a payment.

*20.    How do I object to the settlement?*

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the settlement or any part of it.  You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing and it and any supporting papers must be submitted to the Court by mailing it to the  Clerk of Court, United States District Court for the Central District of California, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, or by filing it in person at any location of the United States District Court for the Central District of California.  Objections must be filed or postmarked no later than [**INSERT DATE**].

To be considered by the Court, your objection must list the name of this Lawsuit, *Gaston v. FabFitFun, Inc*, and the case number, Case No.  2:20-cv-09534-RGK-E, and include all of the following information:  (i) your name, address, phone number, and an email address (if you have one); (ii) a statement that you are a member of the Settlement Class and any proof of your membership (*e.g*., proof of purchase of a new subscription from FabFitFun's website during the time period of April 26, 2020 to May 14, 2020 or May 22, 2020 to August 3, 2020, or a copy of a notice of the Security Incident sent to your physical or email address); (iii) whether your objection applies only to yourself, to a specific subset of the Settlement Class, or to the entire class; (iv) a detailed statement of the specific legal and factual bases for all of your

objections, along with any applicable legal support; (v) the identity of any lawyer representing you; (vi) whether you intend to appear at the final settlement approval hearing and the identity of any lawyer(s) who will attend that hearing with you or on your behalf; (vii) a list of anyone you plan to have testify at the Final Approval Hearing in support of your objections; and (viii) your signature and the signature of your attorney or other authorized representative.

If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

### Court Approval of the Settlement

*21.    How, when and where will the Court decide whether to approve the Settlement?*

The Court will hold a Final Settlement Approval Hearing to decide whether to approve the Settlement.  That hearing is scheduled for _____, **2021 at _____ p.m.** at the United States District Court, Central District of California, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor.  Please visit the Court's website at https://www.cacd.uscourts.gov for current information regarding courthouse access, court hearings, and filing information.  At the Final Settlement Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing.  The Court may also consider Class Counsel's request for attorneys' fees and costs, and the request for service awards for the Representative Plaintiffs.  After the hearing, the Court will decide whether to approve the Settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check www. FFFdbSettlement.com or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://www.cacd.uscourts.gov/ to confirm the schedule if you wish to attend.

*22.    Do I have to attend the hearing?*

No.  You do not need to attend the hearing unless you object to the settlement and wish to appear in person.  It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 20.  You or your own lawyer are welcome to attend the hearing at your expense, but are not required to do so.

*23.    What happens if the Court approves the Settlement?*

If the Court approves the Settlement and no appeal is taken, the Settlement Fund will be funded.  The Claims Administrator will pay any Attorney Fees' and Costs Award and any Representative Plaintiffs' Awards from the Settlement Fund.  Then, within the later of 90 days after the Effective Date or 30 days after all disputed claims have been resolved, the Claims Administrator will send Settlement Payments to Settlement Class Members who submitted timely and valid Settlement Claims.  No distributions will be made without authorization from the parties.

If any appeal is taken, it is possible the Settlement could be disapproved on appeal.

*24.    What happens if the Court does not approve the Settlement?*

If the Court does not approve the Settlement, no Settlement Fund will be created, there will be no Settlement Payments to Settlement Class Members, Class Counsel or the Representative Plaintiffs, and the case will proceed as if no Settlement had been attempted.

## **Lawyers for the Settlement Class and Defendant**

*25.    Who represents the Settlement Class?*

The Court has appointed the following Class Counsel to represent the Settlement Class and Settlement Class Members in this Lawsuit:

| | |
|---|---|
| Rachele R. Byrd<br>Wolf Haldenstein Adler<br>  Freeman & Herz LLP<br>750 B Street, Suite 1820<br>San Diego, CA 92101<br>619-239-4599 | M. Anderson Berry<br>Clayeo C. Arnold, A Professional Law Corporation<br>865 Howe Avenue<br>Sacramento, CA 95825<br>916-777-7777 |

Settlement Class Members will not be charged for the services of Class Counsel; Class Counsel will be paid out of the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the final settlement approval hearing.

*26.    How will the lawyers for the Settlement Class be paid?*

Class Counsel will request the Court's approval of an award for attorneys' fees up to 25% of the Settlement Fund (or up to $156,250), plus reasonable costs and expenses

(approximately $10,000), which shall be paid from the Settlement Fund.  Class
Counsel will also request approval of service awards of $5,000 to each of the
Representative Plaintiffs, which shall also be paid from the Settlement Fund.

27.  *Who represents Defendant in the Lawsuit?*

Defendant is represented by the following lawyers:

| | |
|---|---|
| Kathleen R. Hartnett<br>Joseph D. Mornin<br>(415) 693-2000<br>Cooley LLP<br>101 California St., 5th Floor<br>San Francisco, CA 94111<br>(202) 842-7800 | Travis LeBlanc<br>Charles A. Wood<br>(202) 842-7800<br>Cooley LLP<br>1299 Pennsylvania Ave. NW<br>Suite 700<br>Washington, DC 20004 |

## For Further Information

28.  *What if I want further information or have questions?*

This notice summarizes the proposed Settlement.  For the precise terms and
conditions of the Settlement, please see the Settlement Agreement available at
**www.FFFdbSettlement.com**, by contacting Class Counsel at the phone numbers
provided in response to Question 25 above, by accessing the Court docket in this
case, for a fee, through the Court's Public Access to Court Electronic Records
(PACER) system at https://www.ecf.cacd.uscourts.gov, or by visiting the office of
the Clerk of the Court for the United States District Court for the Central District of
California, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street,
Los Angeles, CA 90012 between 9:00 a.m. and 4:00 p.m., Monday through Friday,
excluding Court holidays.

Angeion Group, LLC will act as the Claims Administrator for the Settlement.  You
can contact the Claims Administrator at:

**[INSERT CONTACT INFO FOR CLAIMS ADMINISTRATOR]**

# EXHIBIT C

BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  (619) 239-4599
Facsimile:   (619) 234-4599

M. ANDERSON BERRY (262879)
aberry@justice4you.com
LESLIE GUILLON (222400)
lguillon@justice4you.com
**CLAYEO C. ARNOLD,
  A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL GASTON and RENATE GARRISON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> FABFITFUN, INC., <br><br> Defendant. | Case No. 2:20-cv-09534-RGK-E <br><br> **[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |

On _____ __, 2021, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the February __, 2021 Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Cheryl Gaston and Renate Garrison, individually and on behalf of the Settlement Class (as defined below), and Defendant FabFitFun, Inc.[1]

Commencing on _____, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, _____ (the "Claims Administrator"), provided Notice to Settlement Class Members in compliance with Section IV of the Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

(d) provided the time, date, and place of the Final Approval Hearing.

On _____, 2021, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Litigation with prejudice.  The Court reviewed (a) Plaintiffs'

---

[1]    Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for an Award off Attorneys' Fees, Reimbursement of Expenses and Service Awards (together, the "Motions") and all supporting materials, including but not limited to the Settlement Agreement and the exhibits thereto; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim forms, pursuant to the terms and conditions in the Settlement Agreement. The

Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5.    _____ objections to the Settlement were submitted by Settlement Class Members.  The Court has considered all objections and finds that they do not warrant or support rejection or non-approval of the Settlement.  All objections are hereby overruled in all respects.  All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6.    _____ persons made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members").  The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

7.    Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All individuals identified by FabFitFun and to whom FabFitFun sent notice that their information may have been exposed in a data security incident whereby third parties may have accessed Defendant's customers' Personal Information in connection with unauthorized access to Defendant's website from April 26, 2020 to May 14, 2020 and May 22, 2020 to August 3, 2020.

8.    The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b).  Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.    The Court grants final approval to the appointment of Representative Plaintiffs Cheryl Gaston and Renate Garrison as the class representatives, and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10.    The Court grants final approval to the appointment of the law firms of Wolf Haldenstein Adler Freeman & Herz LLP and Clayeo C. Arnold, A Professional Law Corporation as Class Counsel.  Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

## NOTICE TO THE CLASS

11.    The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## ATTORNEYS' FEES AND COSTS, SERVICE AWARDS

12.    The Court awards Class Counsel $_____ in fees and reimbursement of $_____ in costs.  The Court finds these amounts to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

13.    The Court awards $_____ to Ms. Gaston and $_____ to Ms. Garrison as service awards.  The Court finds these amounts are justified by their service to the Settlement Class.  Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RELEASE**

14.    Each Settlement Class Member, including Representative Plaintiffs, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the other Released Persons from any and all of the Released Claims (including Unknown Claims) as defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Paragraphs 1.27-1.28 and 8.1 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release").   In addition, Representative Plaintiffs and Settlement Class Members are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542.

15.    The Settlement Agreement and this Final Approval Order and Judgment apply to all claims or causes of action settled under the Settlement Agreement, and binds Representative Plaintiffs and all Settlement Class Members who did not properly request exclusion.  The Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

**OTHER PROVISIONS**

16.    The Settlement Fund, consisting of six hundred twenty-five thousand dollars and no cents ($625,000.00), shall be used to pay all costs of the settlement, including all Awards and payments to Settlement Class Members, costs of Claims Administration,

payments made to the Claims Referee, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiffs' Service Awards.

17.    If any money remains in the Settlement Fund after the payment of all Settlement Payments to Settlement Class Members, costs of Claims Administration, payments made to the Claims Referee, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiffs' Service Awards, the Parties shall return to the Court seeking direction as to the disposition of these funds, including the selection of a *cy pres* recipient, pursuant to Paragraph 7.6 of the Settlement Agreement.

18.    The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

19.    The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

20.    Consistent with Paragraph 10.4 of the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur:  (a) the Final Approval Order and Judgment and all of its provisions, will be vacated, including, but not limited to the Attorneys' Fees and Expenses Award and the Representative Plaintiffs' Service Awards, and the Final Approval Order and Judgment will not waive, release or otherwise impact the Parties' rights or arguments in any respect; and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be

restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into.  No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

21.    Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

22.    The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

**NOW, THEREFORE,** the Court hereby enters judgment in this matter pursuant to rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**:

DATED: _____    _____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

**EXHIBIT D**

1  BETSY C. MANIFOLD (182450)
   manifold@whafh.com
2  RACHELE R. BYRD (190634)
   byrd@whafh.com
3  MARISA C. LIVESAY (223247)
   livesay@whafh.com
4  BRITTANY N. DEJONG (258766)
   dejong@whafh.com
5  **WOLF HALDENSTEIN ADLER**
     **FREEMAN & HERZ LLP**
6  750 B Street, Suite 1820
7  San Diego, CA 92101
   Telephone:  (619) 239-4599
8  Facsimile:   (619) 234-4599

9  M. ANDERSON BERRY (262879)
   aberry@justice4you.com
10 LESLIE GUILLON (222400)
   lguillon@justice4you.com
11 **CLAYEO C. ARNOLD,**
     **A PROFESSIONAL LAW CORP.**
12 865 Howe Avenue
   Sacramento, CA 95825
13 Telephone: (916) 777-7777
   Facsimile: (916) 924-1829
14
15 *Attorneys for Plaintiffs*

16              **UNITED STATES DISTRICT COURT**
17              **CENTRAL DISTRICT OF CALIFORNIA**

18

19 CHERYL GASTON and RENATE        Case No. 2:20-cv-09534-RGK-E
   GARRISON, Individually and on
20 Behalf of All Others Similarly
   Situated,                        **[PROPOSED] ORDER GRANTING**
21                                  **PLAINTIFF'S UNOPPPOSED**
              Plaintiffs,           **MOTION FOR PRELIMINARY**
22                                  **APPROVAL OF CLASS ACTION**
         v.                         **SETTLEMENT**
23
   FABFITFUN, INC.,
24
              Defendant.
25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter is before the Court on Plaintiffs' unopposed motion for preliminary approval of the proposed class action settlement. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement and Release, dated February __, 2021 (the "Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.     Unless otherwise defined herein, all terms that are capitalized herein shall have the same meanings ascribed to those terms in the Settlement Agreement.

2.     The Court has jurisdiction over this litigation, Representative Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3.     The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declaration of counsel and the Claims Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of Martin Quinn, Esq. of JAMS during a day-long mediation session on January 12, 2021, through which the basic terms of the settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of fact discovery. The terms of the Settlement Agreement fall within the range of possible approval as fair, reasonable, and adequate.

4.     The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5.     Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily

- 1 -

certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows:

> All individuals identified by FabFitFun and to whom FabFitFun sent notice that their information may have been exposed in a data security incident whereby third parties may have accessed Defendant's customers' Personal Information in connection with unauthorized access to Defendant's website from April 26, 2020 to May 14, 2020 and May 22, 2020 to August 3, 2020.

6.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the Representative Plaintiffs' claims are typical of those of Settlement Class Members; and (4) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

7.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes: (1) the questions of law or fact common to the Settlement Class predominate over individual questions; and (2) class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8.     The Court hereby appoints Cheryl Gaston and Renate Garrison as the Representative Plaintiffs of the Settlement Class.

9.     The Court hereby appoints as Class Counsel Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP and M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp.

/ / /

/ / /

/ / /

-2-

## NOTICE AND ADMINISTRATION

10.    Pursuant to the Settlement Agreement, the Parties have designated Angeion Group, LLC as the Claims Administrator.  Angeion Group shall perform all the duties of the Claims Administrator set forth in the Settlement Agreement.

11.    The Court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Class Notice and Notice Program and directs the parties and the Claims Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12.    The Claims Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

13.    The Court also approves the Claim Form.

## EXCLUSION AND OBJECTIONS

14.    Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Claims Administrator in writing, postmarked no later than _____, 2021 (75 calendar days after entry of this Order).  To be valid, each request for exclusion must be made in writing and:   (a) state the Settlement Class Member's full name, address and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded

from the Settlement.  If a Settlement Class Member's Request for Exclusion covers a payment method that includes co-signers or co-holders on the same payment method account, the Settlement Class Member's Request for Exclusion shall be deemed to be properly completed and executed as to that payment method only if all co-signers or co-holders elect to and validly opt out in accordance with the provisions of this Paragraph.  All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15.    All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16.    Settlement Class Members who wish to object to the Settlement may do so by filing a written objection to the Court in accordance with the procedures outlined in the Class Notice, filed or postmarked no later than _____, 2021 (75 calendar days after entry of this Order).  Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall mail the comment or objection to the Court at:  Clerk of Court, United States District Court for the Central District of California, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012.  The written objection must contain: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to

-4-

testify at the final approval hearing in support of the objections; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative.

17.   Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

18.   The Court will hold a Final Approval Hearing on _____, 2021 in the Courtroom 850, 8th Floor of the United States District Court, Central District of California, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012.

19.   At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified for settlement purposes; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the service awards sought for Representative Plaintiffs should be granted.

20.   The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTION & TERMINATION

| Event | Date |
|---|---|
| Defendant to provide Settlement Class Member data to Claims Administrator | 10 business days after entry of this Order |
| Notice Program per Settlement Agreement commences with the establishment of the settlement website | 7 days after Claims Administrator receives Settlement Class Member data |
| Class Counsel's Motion for Attorneys' Fees and Costs and Service Awards | 35 days prior to the Objection Deadline |

-5 -
[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| Opt-Out and Objection Deadlines | 75 days after entry of this Order |
|---|---|
| Motion for Final Approval | 28 days prior to the Final Approval Hearing |
| Replies in Support of Motion for Final Approval and Motion for Attorneys' Fees and Costs | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | At the Court's convenience at least __ days after entry of this Order |

21.     All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22.     All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Settling Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) be deemed an admission

-6-

1  or concession by any Settling Party regarding the truth or falsity of any facts alleged

2  in the Litigation or the availability or lack of availability of any defense to the

3  Released Claims.

4      **IT IS SO ORDERED**.

5

6  Dated: _____    _____

7                                      HON. R. GARY KLAUSNER
                                       UNITED STATES DISTRICT COURT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT E

EXHIBIT E

<u>To:</u>  <<class member email address>>

<u>From:</u>  <<Claims Administrator>>

<u>Re:</u>  Notice of Class Action Settlement

*(Email body:)*

**YOU MAY BE A CLASS MEMBER IN A PROPOSED CLASS ACTION SETTLEMENT IF FABFITFUN PREVIOUSLY NOTIFIED YOU THAT YOUR INFORMATION MAY HAVE BEEN EXPOSED IN A SECURITY INCIDENT THAT AFFECTED ITS WEBSITE** A proposed settlement has been given preliminary approval in a class action lawsuit against FabFitFun, Inc. ("FabFitFun") related to a security incident that may have affected new customer sign ups from April 26, 2020 to May 14, 2020 and May 22, 2020 to August 3, 2020, and was previously disclosed to consumers by FabFitFun in September of 2020.  (*Gaston, et al. v. FabFitFun, Inc.,* United States District Court, Central District of California, Case No. 2:20-cv-09534-RGK-E.)  FabFitFun denies all of the claims and denies that it did anything wrong. **The sole purpose of this notice is to inform you of the lawsuit and the settlement so that you may decide what steps to take in relation to it.**

The Settlement provides for the payment to Settlement Class Members of either a Basic Award or a Reimbursement Award.  There are three Basic Award tiers, and the amount paid as a Basic Award will depend upon, among other things, how many people submit valid claims.  If you experienced unauthorized charges that were not denied, reversed or otherwise credited or reimbursed and which you believe in good faith were more likely than not caused by the Security Incident, you may instead file a claim for a Reimbursement Award.

More information regarding the settlement, including information on the three Basic Award tiers and the Reimbursement Award, your rights under the settlement, instructions on how to be excluded from the settlement or object to the settlement, and a form to fill out to obtain settlement benefits, please visit **www.FFFdbSettlement.com**, where you will find a more detailed notice.

**Please visit www.FFFdbSettlement.com to obtain important information regarding the settlement and your rights.**

**There are deadlines associated with the choices you may make regarding the settlement.  The last day to exclude yourself from the settlement or to object to the settlement is [INSERT DATE].**

**EXHIBIT F**

EXHIBIT F

**Legal Notice of**
**Class Action Settlement**

*Gaston, et al. v. FabFitFun*
**Settlement [Settlement**
**Administrator address]**

**Why am I getting this Notice?** You may be a class member in a proposed class action settlement if FabFitFun previously notified you that your information may have possibly been exposed in a security incident that affected its website.

**[Class member]**
_____
_____

**For more information on the settlement, see the reverse of this card or go to [settlement website]**

**Class Action Settlement in *Gaston, et al. v. FabFitFun, Inc.***

**YOU MAY BE A CLASS MEMBER IN A PROPOSED CLASS ACTION SETTLEMENT IF FABFITUN PREVIOUSLY NOTIFIED YOU THAT YOUR INFORMATION MAY HAVE BEEN EXPOSED IN A SECURITY INCIDENT THAT AFFECTED ITS WEBSITE**

A proposed settlement has been given preliminary approval in a class action lawsuit against FabFitFun, Inc. ("FabFitFun") related to a security incident that may have affected new customer signups from April 26, 2020 to May 14, 2020 and May 22, 2020 to August 3, 2020, and was previously disclosed to consumers by FabFitFun in September of 2020.  (*Gaston, et al. v. FabFitFun, Inc.,* United States District Court, Central District of California, Case No. 2:20-cv-09534-RGK-E.) FabFitFun denies all of the claims and denies that it did anything wrong.

**The sole purpose of this notice is to inform you of the lawsuit and the settlement so that you may decide what steps to take in relation to it.**

The Settlement provides for the payment to Settlement Class Members of either a Basic Award or a Reimbursement Award.  There are three Basic Award tiers, and the amount paid as a Basic Award will depend upon, among other things, how many people submit valid claims.  If you experienced unauthorized charges that were not denied, reversed or otherwise credited or reimbursed and which you believe in good faith were more likely than not caused by the Security Incident, you may instead file a claim for a Reimbursement Award.

More information regarding the settlement, including information on the three Basic Award tiers and the Reimbursement Award, your rights under the settlement, instructions on how to be excluded from the settlement or object to the settlement, and a form to fill-out to obtain settlement benefits, please visit **www.FFFdbSettlement.com**, where you will find a more detailed notice.

**Please visit www.FFFdbSettlement.com to obtain important information regarding the settlement and your rights.**

**There are deadlines associated with the choices you may make regarding the settlement.  The last day to exclude yourself from the settlement or to object to the settlement is [INSERT DATE].**