BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599

M. ANDERSON BERRY (262879)
aberry@justice4you.com
LESLIE GUILLON (222400)
lguillon@justice4you.com
**CLAYEO C. ARNOLD,
 A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHERYL GASTON and RENATE GARRISON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FABFITFUN, INC.,<br><br>Defendant. | Case No. 2:20-cv-09534-RGK-E<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPPOSED MOTIO FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DATE: March 22, 2021<br>TIME: 9:00 a.m.<br>COURTROOM: 850, 8th Floor<br>JUDGE: Hon. R. Gary Klausner |

---

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' unopposed motion for preliminary approval of the proposed class action settlement. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement and Release, dated February 16, 2021 (the "Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meanings ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Representative Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

**PRELIMINARY APPROVAL**

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declaration of counsel and the Claims Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of Martin Quinn, Esq. of JAMS during a day-long mediation session on January 12, 2021, through which the basic terms of the settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of fact discovery. The terms of the Settlement Agreement fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily

- 1 -
[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows:

> All individuals identified by FabFitFun and to whom FabFitFun sent notice that their information may have been exposed in a data security incident whereby third parties may have accessed Defendant's customers' Personal Information in connection with unauthorized access to Defendant's website from April 26, 2020 to May 14, 2020 and May 22, 2020 to August 3, 2020.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the Representative Plaintiffs' claims are typical of those of Settlement Class Members; and (4) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes: (1) the questions of law or fact common to the Settlement Class predominate over individual questions; and (2) class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court hereby appoints Cheryl Gaston and Renate Garrison as the Representative Plaintiffs of the Settlement Class.

9. The Court hereby appoints as Class Counsel Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP and M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp.

/ / /

/ / /

/ / /

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## NOTICE AND ADMINISTRATION

10. Pursuant to the Settlement Agreement, the Parties have designated Angeion Group, LLC as the Claims Administrator. Angeion Group shall perform all the duties of the Claims Administrator set forth in the Settlement Agreement.

11. The Court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Class Notice and Notice Program and directs the parties and the Claims Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Claims Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

13. The Court also approves the Claim Form.

## EXCLUSION AND OBJECTIONS

14. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Claims Administrator in writing, postmarked no later than _____, 2021 (75 calendar days after entry of this Order). To be valid, each request for exclusion must be made in writing and: (a) state the Settlement Class Member's full name, address and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded

from the Settlement. If a Settlement Class Member's Request for Exclusion covers a payment method that includes co-signers or co-holders on the same payment method account, the Settlement Class Member's Request for Exclusion shall be deemed to be properly completed and executed as to that payment method only if all co-signers or co-holders elect to and validly opt out in accordance with the provisions of this Paragraph. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by filing a written objection to the Court in accordance with the procedures outlined in the Class Notice, filed or postmarked no later than _____, 2021 (75 calendar days after entry of this Order). Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall mail the comment or objection to the Court at: Clerk of Court, United States District Court for the Central District of California, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012. The written objection must contain: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to

testify at the final approval hearing in support of the objections; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative.

17. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

18. The Court will hold a Final Approval Hearing on _____, 2021 in the Courtroom 850, 8th Floor of the United States District Court, Central District of California, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012.

19. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified for settlement purposes; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the service awards sought for Representative Plaintiffs should be granted.

20. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTION & TERMINATION

| Event | Date |
|---|---|
| Defendant to provide Settlement Class Member data to Claims Administrator | 10 business days after entry of this Order |
| Notice Program per Settlement Agreement commences with the establishment of the settlement website | 7 days after Claims Administrator receives Settlement Class Member data |
| Class Counsel's Motion for Attorneys' Fees and Costs and Service Awards | 35 days prior to the Objection Deadline |

| | |
|---|---|
| Opt-Out and Objection Deadlines | 75 days after entry of this Order |
| Motion for Final Approval | 28 days prior to the Final Approval Hearing |
| Replies in Support of Motion for Final Approval and Motion for Attorneys' Fees and Costs | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | At the Court's convenience at least 115 days after entry of this Order |

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Settling Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) be deemed an admission

-6-

or concession by any Settling Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED**.

Dated: _____   _____
                            HON. R. GARY KLAUSNER
                            UNITED STATES DISTRICT COURT JUDGE