UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs Renate Garrison and Cheryl Gaston's Motion for Settlement Approval of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement [DE 32]

## I.   INTRODUCTION

On January 29, 2021, Cheryl Gaston and Renate Garrison ("Plaintiffs") filed a First Amended Class Action Complaint ("FAC") on behalf of themselves and all other similarly situated against FabFitFun, Inc. ("Defendant"). Plaintiffs allege claims for: (1) negligence; (2) declaratory judgement; (3) violations of the Colorado Consumer Protection Act on behalf of Plaintiff Gaston and a Colorado Subclass; (4) violations of the Colorado Security Breach Notification Act on behalf of Plaintiff Gaston and a Colorado Subclass; and (5) violations of the Oregon Unlawful Trade Practices Act on behalf of Plaintiff Garrison and an Oregon Subclass.

Presently before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. ("Motion"). For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II.  FACTUAL BACKGROUND

Plaintiffs allege as follows:

Defendant is a popular lifestyle e-commerce retailer that sells its memberships online through its website and uses an e-commerce platform to take customers' personal and payment information. Plaintiffs are customers of Defendant who received a Notice of Data Breach from Defendant on or about September 29, 2020.

On or about September 18, 2020, Defendant began notifying customers about a data breach that occurred from April 26, 2020 to May 14, 2020, and May 22, 2020 to August 3, 2020 (the "Security

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

Incident"). Hackers infected Defendant's website with malicious code and may have accessed customers' Personally Identifiable Information ("PII"), including names, email addresses, account passwords, shipping and billing addresses, payment card account numbers, card expiration dates, and card verification codes. The PII was compromised due to Defendant's negligent and careless acts and omissions and Defendant's failure to protect customers' data. Additionally, Defendant failed to detect and report the breach for months.

On February 19, 2021, Plaintiffs filed the instant Motion seeking preliminary approval of a proposed class action settlement on behalf of all individuals identified by Defendant and to whom Defendant sent notices that their information may have been exposed in the Security Incident. Under the proposed settlement, Defendant has created a settlement fund of $625,000 ("Settlement Fund"), which shall be inclusive of all individual settlement payments to class members, attorneys' fees and costs, claims referee fees, the class representative service awards, and settlement administration costs. The proposed settlement further provides that no portion of the Settlement Fund will revert to Defendant, and that if any funds remain in the Settlement Fund, the balance will be distributed to a *cy pres* recipient to be selected by the parties and approved by the Court.

The parties propose the following allocation of the Settlement Fund: (1) $10,000 total to Plaintiffs as a class representative service award; (2) $156,250 to Plaintiffs' counsel as attorneys' fees; (3) approximately $10,000 to Plaintiffs' counsel as reimbursement for reasonable costs; (4) an unidentified sum to a claims referee; and (5) $83,720 in settlement administration costs.

The Settlement Fund, less these amounts, constitutes the net settlement amount ("NSA"). The NSA will be distributed to the participating Class Members on the following basis:

Class Members will have the option of claiming one of three Basic Awards or a Reimbursement Award of up to $5,000. Tier 1 Basic awards will initially be set at $55.00 for the approximately 130,293 Class Members, as identified by Defendant's records, who potentially had their payment card, login and password information exposed in the Security Incident; Tier 2 Basic awards will initially be set at $25.00 for the approximately 68,807 Class Members, as identified by Defendant's records, who potentially had their login and account password, but not payment, information exposed in the Security Incident. Tier 3 Basic awards will initially be set at $12.00 for the approximately 245,060 Class Members not in Tier 1 or Tier 2. Defendant notified the Tier 3 individuals of the Security Incident out of an abundance of caution, but the PII belonging to these individuals was not exposed or accessed by unauthorized third parties.

Instead of a Basic Award, a settlement class member may claim a Reimbursement Award if: (i) during the unauthorized charge period they experienced one or more fraudulent or unauthorized charge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

that they claim in good faith was more likely than not caused by the Security Incident on a payment method they used on Defendant's website during the Class Period, if such charges were not denied, reversed or otherwise credited or reimbursed; and (ii) they made reasonable efforts to avoid, or seek reimbursement for, their losses, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. Class members claiming a Reimbursement Award will be eligible for reimbursement of up to $5,000.00 total for the following unreimbursed losses, if any, incurred as a result of the Security Incident: (a) unreimbursed unauthorized charges during the Unauthorized Charge Period on a payment method used on Defendant's website that more likely than not resulted from the Security Incident (only for class members, as identified by Defendant's records, who potentially had their payment information exposed in the Security Incident); (b) up to three hours of lost time spent dealing with the unreimbursed, unauthorized charges at a rate of $20.00 per hour, but only if at least one full hour was spent, and only if the time can be documented with reasonable specificity by answering the questions on the Claim Form; and (c) out of pocket expenses.

The proposed settlement provides that if there are insufficient funds to pay these amounts based on the number of claimants, the payment to each claimant will be reduced pro rata. On the other hand, if the total dollar value of all approved claims at the payment rates is less than the amount remaining in the Settlement Fund after the attorneys' fees and expenses, service awards, claims administration costs, and any payments to the claims referee have been paid in full, the payment amount for all approved claims will be increased pro rata among all Class Members who submitted approved claims by up to double the initial amounts stated above.

Under the terms of the proposed settlement, Defendant also agrees to take various steps to improve security. Finally, notice will be sent to class members via email. The claims administrator will also send a postcard notice by U.S. Mail to any class member to whom notice was not successfully delivered by email.

### III.  JUDICIAL STANDARD

Federal Rule of Civil Procedure ("Rule") 23 requires that class action settlements satisfy two primary prerequisites before a court may grant preliminary approval: (1) the settlement class meets the requirements for class certification if it has not yet been certified; and (2) the proposed settlement is "fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020, 1026 (9th Cir. 1988), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *see* Fed. R. Civ. P. 23(a), (e)(2).

As a threshold for class certification, the proposed class must satisfy four prerequisites under Rule 23(a). First, the class must be so numerous that joinder of all members individually is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Under Rule 23(b), the proposed class must establish that: (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate such that a class action is superior to other methods available for adjudicating the controversy at issue. Fed. R. Civ. P. 23(b).

In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

Finally, upon a finding that the requirements of Rule 23(a) and 23(b) are satisfied, the Court must ensure that the proposed settlement is "fair, reasonable, and adequate" under Rule 23(e). Fed. R. Civ. P. 23(e)(2). The Ninth Circuit has provided a non-exhaustive list of fairness factors. *See Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness. *Id.* The court must also consider the adequacy of the proposed settlement notice. *Id.* at 1025; Fed. R. Civ. P. 23(e).

IV.    **DISCUSSION**

Plaintiffs seek preliminary approval of the class action settlement agreement. Plaintiffs contend that the Court should provisionally certify the class under Rule 23(a) and Rule 23(b) because all the requirements are met. Additionally, Plaintiffs assert that the proposed settlement is fair and that the proposed notice is adequate. The Court first addresses class certification, then the fairness of the settlement and the adequacy of the proposed notice.

   A.    **Rule 23 Class Certification**

Plaintiffs seek certification of one Rule 23(b)(3) class. The class is defined as "all individuals identified by FabFitFun and to whom FabFitFun sent notice that their information may have been exposed in the Security Incident." (Mot. for Prelim. Approval at 4, ECF No. 32-1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

The Court addresses the Rule 23(a) and Rule 23(b) requirements in turn.

    1.    *Rule 23(a) Requirements*

As set forth above, a party seeking class certification must establish that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) have been met.

        *a.*    *Numerosity*

Rule 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The plaintiff need not state the exact number of potential class members, and there is no threshold number of class members required to satisfy numerosity. *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 444 (N.D. Cal. 2001). However, it is "generally accepted that when a proposed class has at least forty members, joinder is presumptively impracticable based on numbers alone." *In re Banc of Cal. Sec. Litig.*, 326 F.R.D. 640, 646 (C.D. Cal. 2018).

Plaintiffs asserts that the class consists of approximately 441,000 members. (Mot. for Prelim. Approval at 10). This easily satisfies the threshold requirement of Rule 23(a)(1). Accordingly, the Court finds that numerosity is met.

        *b.*    *Commonality*

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In the Ninth Circuit, the commonality requirement is "construed permissively." *Hanlon*, 150 F.3d at 1019. Not *all* questions of fact or law need be common to the class; the existence of shared legal issues with divergent factual predicates or a common core of salient facts coupled with disparate legal remedies is sufficient to satisfy commonality. *Id.*; *see also Dukes*, 564 U.S. at 350 (the class claims must "depend upon a common contention" that is "capable of classwide resolution").

Plaintiffs assert that commonality is satisfied because all claims being settled arise out of the Security Incident. Plaintiffs allege that their claims turn on whether Defendant's security environment was adequate to protect class members' PII. The resolution of that inquiry revolves around evidence that does not vary from class member to class member, and so can be fairly resolved for the entire class at once. (Mot. for Prelim. Approval at 10). The Court agrees that the Security Incident and Defendant's security environment are the common causes of Plaintiffs' and the class members' alleged injuries.

Accordingly, the Court finds that these allegations give rise to common questions of law and fact, and thus, that commonality is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

        c.      *Typicality*

Rule 23(a)(3) requires that the claims or defenses of the class representatives be typical of the claims or defenses of the class they seek to represent. Fed. R. Civ. P. 23(a)(3). This does not require that the claims of the representative members be identical to the claims of the proposed class members. *Hanlon*, 150 F.3d at 1020. Rather, typicality focuses on whether the unnamed class members have injuries similar to those of the named plaintiffs, and whether those injuries result from the same injurious course of conduct. *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001). In practice, the commonality and typicality requirements of Rule 23 "tend to merge." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982).

Plaintiffs assert that typicality is satisfied because Plaintiffs are members of the class they seek to represent and received Defendant's Notice of Data Breach on or about September 29, 2020. (FAC ¶¶ 12–13, 68, ECF No. 27). The Court agrees and finds this sufficient to satisfy the typicality requirement.

        d.      *Adequacy*

Rule 23(a)(4) requires the Court to determine if the proposed class representatives and proposed class counsel will fairly and adequately protect the interests of the entire class. Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied if the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class, and do not have interests adverse to unnamed class members. *Hanlon*, 150 F.3d at 1020.

        i.      Proposed Representatives of the Class

Here, there is no evidence of any conflicts of interest between Plaintiffs and other Class Members. Further, because Plaintiffs share the same claims, they are interested in prosecuting the action vigorously. Thus far, Plaintiffs have actively participated in the case. Accordingly, the Court finds that the proposed representatives of the class will fairly and adequately protect the interests of the other members.

        ii.      Class Counsel

To be adequate, "[t]he named representative's attorney [must] be qualified, experienced, and generally capable to conduct the litigation." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) (alteration in original) (quoting *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1323 (1982)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

Plaintiffs' attorneys have extensive experience prosecuting class actions and other complex cases, including data breach cases. (Mot. for Prelim. Approval at 20). Without any challenge to the adequacy of the class counsel, who have significant class action and litigation experience, the Court finds that the proposed class counsel will fairly and adequately protect the interests of the class.

Therefore, the Court finds that Plaintiffs meet all of the Rule 23(a) requirements.

2. *Rule 23(b) Requirements*

A class action may be maintained under Rule 23(b)(3) if the court finds that (1) questions of law or fact common to the members of the class predominate over questions affecting only individual members, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

a. *Predominance*

When evaluating whether common issues predominate, the operative question is whether a putative class is "sufficiently cohesive" to merit representative adjudication. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Though common issues need not be "dispositive of the litigation," *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 29 (D.D.C. 2001), they must "present a significant aspect of the case [that] can be resolved for all members of the class in a single adjudication" so as to justify "handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

Plaintiffs submit that common issues predominate because the primary issue in this case is whether Defendant's security environment was adequate to protect the class members' PII. The Court agrees that adjudication by representation is warranted because the adequacy of Defendant's security environment constitutes a question common to all class members that Plaintiffs seek to represent, and thus, can be resolved for all members in a single adjudication. Accordingly, the Court finds the putative class is "sufficiently cohesive." The Court therefore finds that common questions of law and fact predominate.

b. *Superiority*

Rule 23(b)(3) also requires the Court to assess whether a class action is superior to other methods of adjudication. In making this assessment, the Court considers: (1) the interest of each member in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

"individually controlling the prosecution or defense of separate actions"; (2) the "extent and nature of any litigation already begun"; (3) the "desirability or undesirability of concentrating the litigation of the claims"; and (4) the "likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Plaintiffs contend that the class action is superior to numerous individualized actions because the amount in dispute for individual class members is minimal, the technical issues involved are complex, and the required expert testimony and document review is costly. The Court agrees. Further, the Court is not aware of any concurrent litigation regarding the issues raised in this action. Additionally, the class action is desirable because it resolves many substantially identical claims efficiently. Finally, because the parties already have a settlement agreement, the Court faces no difficulty in managing this class action. Therefore, the Court is satisfied that a class action is a superior alternative method of adjudication.

Accordingly, the Court finds that all requirements of Rules 23(a) and (b) are met.

**B.      Rule 23(e) Fairness of the Settlement Agreement**

Having determined that Plaintiffs meet the Rule 23 requirements to certify the class, the Court must now determine whether the settlement is fair.

*1.      The Settlement Agreement*

For preliminary approval of a class settlement, the Court determines whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a settlement agreement meets the above standards, a district court may consider some, or all, of the following factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see Officers for Just.*, 688 F.2d at 625. Further, when the settlement agreement comes "[p]rior to formal class certification, there is an even greater

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

potential for a breach of fiduciary duty" owed to the class, and thus a court must scrutinize the settlement for evidence of collusion or other conflicts of interest. *In re Bluetooth*, 654 F.3d at 946–47.

The Court first addresses any potential conflicts of interest or evidence of collusion, then turns to the settlement agreement and notice.

        a.    *Collusion*

Because the present Motion for Approval of Class Settlement comes to the Court before formal class certification, the Court addresses whether there is any evidence of collusion or conflicts of interest. Plaintiffs asserts the settlement is the product of arms-length, non-collusive negotiations using the assistance of a mediator, and warrants a presumption of fairness.

Relevant factors in evaluating a settlement for evidence of collusion include: (1) whether counsel receives "a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded," (2) if there is a "clear sailing" agreement "providing for the payment of attorneys' fees separate and apart from class funds, which carries 'the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class,'" and (3) if "the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *Id.* at 947.

None of the above factors are seriously implicated in the present case. The Class receives a significant sum, there is no "clear sailing" arrangement, and any fees not rewarded will revert to a *cy pres* recipient rather than Defendant. (Mot. for Prelim. Approval at 18, 2). Additionally, the parties engaged in a day-long mediation session on January 12, 2021. (Mot. for Prelim. Approval at 1).

Therefore, the Court finds no evidence of collusion.

        b.    *Effects of Continuing Litigation*

The first factor the Court analyzes in assessing the settlement agreement is the potential risk to Plaintiffs and the class if litigation were to continue.

Plaintiffs are convinced the claims are strong on the merits, but recognize the substantial risks involved in litigating the case. Plaintiffs considered the following risks: (i) the complexity of data breach class actions, (ii) the merits of the defenses raised by Defendant, and (iii) the difficulties in establishing damages. (Mot. for Prelim. Approval at 15). The uncertainty of classwide recovery coupled with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

delay and expense of continued litigation supports a finding that a settlement best mitigates the risk and ensures recovery to the class.

Given the risks of continuing litigation, this factor favors a finding that the settlement agreement is fair, adequate, and reasonable.

    c.  *Amount Offered and Allocation of Class Member Settlement Shares*

"In assessing the consideration obtained by the class members in a class action settlement, 'it is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness.'" *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) (quoting *Officers for Just.*, 688 F.2d at 628). Even if a higher award per a class member was possible, "the very essence of a settlement is compromise." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

The proposed Settlement Fund totals $625,000[1]. The parties estimate that after accounting for the proposed attorneys' fees and costs, claims referee fees, the class representative service awards, and settlement administration costs, the NSA of about $365,030.00 will be distributed among approximately 441,000 Members of the Class. (Joint Decl. ¶ 16, ECF No. 32-2). Class Members will have the opportunity to claim one of three Basic Awards or up to $5,000.00 for a Reimbursement Award, all subject to an increase if there are sufficient funds, or proration if there are insufficient funds to pay these amounts based on the number of claimants. The Settlement Administrator and Class Counsel assumed for purposes of their estimates that 3% of Class Members are likely to file claims, which they aver is within the range of similar settlements. Tier 1 Basic awards will initially be set at $55.00 for the approximately 130,293 Class Members, as identified by Defendant's records, who potentially had their payment card, login and password information exposed in the Security Incident; Tier 2 Basic awards will initially be set at $25.00 for the approximately 68,807 Class Members, as identified by Defendant's records, who potentially had their login and account password, but not payment, information exposed in the Security Incident; and Tier 3 Basic awards will initially be set at $12.00 for the approximately 245,060 Class Members not in Tier 1 or Tier 2. Defendant notified the Tier 3 individuals of the Security Incident out of an abundance of caution, but the PII belonging to these individuals was not exposed or accessed by unauthorized third parties.

---

[1]  The Settlement value per class member is $1.42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

Here, The Settlement value per class member is on par with that in other data breach settlements. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 318 (N.D. Cal. 2018) (approving a settlement where the settlement value per class member was $1.45).

Additionally, under the Settlement, Defendant has agreed to implement improved security measures. The improved security measures will also cost Defendant an unidentified sum of money. Improved data security will benefit those class members whose information remains in Defendant's possession.

Therefore, the Court finds that the monetary recovery obtained is substantial, and thus, fair.

    d.    Attorneys' Fees

The parties have agreed to grant class counsel fees of up to 25 percent of the Settlement Fund, or up to $156,250, and reasonable costs of an unidentified amount. Although there are two methods to determine whether attorneys' fees in common fund cases are fair—the lodestar approach and the percentage approach—"the main inquiry is whether the end result is reasonable." *Cox v. Clarus Mktg. Grp.*, 291 F.R.D. 473, 482 (S.D. Cal. 2013) (citing *Powers v. Eichen*, 229 F.3d 1249, 1258 (9th Cir. 2000)).

Under the lodestar approach, attorneys are awarded an amount calculated by multiplying the hours reasonably expended on litigation by a reasonable hourly rate. *In re Bluetooth*, 654 F.3d at 941. The percentage method, however, rewards fees as a percentage of the common fund recovered for the class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "Courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award." *In re Bluetooth*, 654 F.3d at 942. However, "[t]he district court may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (allowing an award of 33% of settlement amount).

Plaintiffs assert that the fee award is reasonable under the common fund method. Here, counsel fees are not to exceed 25% of the Settlement Fund, which is at the benchmark for a reasonable fee award.

The parties will have the opportunity to fully develop their justification for such an award through their motion for attorneys' fees at the final approval stage. For the purposes of this motion, the Court finds that class counsel's request of fees is reasonable, as it falls within the range of possible approval. The final award of attorneys' fees will be subject to approval by way of a motion for attorneys' fees filed in conjunction with the Motion for Final Approval of Class Action Settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

e.   *Class Representative Awards*

Plaintiffs request $10,000 in class representative awards, $5000 for each plaintiff. Class representative incentive awards are "fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). A district court may look to the following factors in determining the reasonableness of an incentive reward: "the actions the plaintiff has taken to protect the interest of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (alternations in original) (citation omitted).

Here, given the time already expended, the risk of continued litigation, the potential appeals, and the favorable settlement award, the Court agrees that awarding an incentive payment to the class representatives is reasonable under the circumstances. The $10,000 incentive award is less than 2% of the Settlement Fund. Additionally, Plaintiffs have not conditioned the settlement agreement on the Court's approval of the incentive award.

Therefore, the award appears to be fair.

f.   *Scope of Release*

The settlement agreement requires that class members release all claims alleged or arising out of the facts alleged in the operative FAC against Defendant, including any claims that could have been alleged arising out of the facts pled. A settlement agreement may preclude a member from bringing a related claim in the future "'even though the claim was not presented and might not have been presentable in the action,' but only where the released claim is 'based on the identical factual predicate as that underlying the claims in the settled class action.'" *Hesse v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (citations omitted). A proposed settlement agreement is overly broad when it fails to limit the claims released to those based on the facts alleged in the complaint. *See id.*

Here, the released claims are limited solely to the claims arising out of the same set of facts pled in the FAC. (Mot. for Prelim. Approval at 9). Thus, the scope of the release provided in the settlement agreement fits squarely within the parameters established by the Ninth Circuit.

After reviewing the parties' submitted materials, the Court finds that the proposed settlement agreement appears fair, adequate, and reasonable at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

    2.    <u>*The Proposed Notice*</u>

    Having found the proposed settlement fair and reasonable, "[t]he court must direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed R. Civ. P. 23(e)(1). Further, for a Rule 23(b)(3) class, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill.*, 361 F.3d at 575 (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1138, 1352 (9th Cir. 1980)).

    Here, notice will be given to the class members via email with a postcard mailed in those instances where the emails bounce back as undeliverable, and by posting a long form notice on a dedicated settlement website. Due to the nature of Defendant's business, Defendant has email addresses for the potential class members, and individual notice will be given primarily by emailing the summary notice to the email addresses associated with the accounts of class members. A long notice will also be posted on the settlement website, www.FFFdbsettlement.com, along with other important documents such as the Settlement Agreement and the motions for final approval and for attorneys' fees and expenses. The notice documents are clear and concise and directly apprise class members of all the information they need to know to make a claim or to opt-out or object to the Settlement. Additionally, the notice documents comply with the other requirements listed in Rule 23(c)(2). Furthermore, a toll-free number with interactive voice response, FAQs, and an option to speak to a live operator will also be made available to address Class Members' inquiries.

    Accordingly, the Court finds that the proposed notice and method of delivery are sufficient, and approves the notice.

    Therefore, the Court grants preliminary approval of the settlement agreement, subject to final approval.

**V.**    <u>**CONCLUSION**</u>

    For the foregoing reasons, the Court provisionally certifies the class and **GRANTS** Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Additionally, the Court approves Plaintiffs' method and time frame for notifying class members of the settlement agreement as set forth in the Stipulation of Class Action Settlement. M. Anderson Berry of Clayeo C. Arnold Professional Law Corporation and Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Hertz LLP are appointed as Class Counsel. Plaintiffs are appointed as Class Representatives. Angeion Group, LLC is appointed as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-09534-RGK-E | Date | April 2, 2021 |
|---|---|---|---|
| Title | *Cheryl Gaston v. FabFitFun, Inc.* | | |

settlement administrator. The Final Approval Hearing is scheduled for hearing on **October 4, 2021 at 9:00 a.m.**

**IT IS SO ORDERED.**

                                                            : 
                        Initials of Preparer       _____